RUPERT, Administratrix, Respondent, vs. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY, Appellant.

*September 16—December 9, 1930.*

564

For the appellant there were briefs by *Bender, Trump, McIntyre & Freeman* of Milwaukee and *Martineau & Martineau* of Marinette, and oral argument by *Rodger M. Trump* and *Pierre A. Martineau.*

For the respondent there was a brief by *V. J. O'Kelliher* of Oconto and *Francis A. Murphy* of Marinette, and oral argument by *Mr. O'Kelliher.*

The following opinion was filed October 14, 1930:

FRITZ, J. As Rupert was injured while engaged in interstate transportation and the case comes within the federal Employers' Liability Act, to entitle the plaintiff to recover, under the present federal statutes and decisions, she must

establish that there was negligence on the part of the defendant which, in whole or in part, caused Rupert's injuries. *New Orleans & N. E. R. Co. v. Harris,* 247 U. S. 361, 367, 38 Sup. Ct. 535; *Richter v. C., M. & St. P. R. Co.* 176 Wis. 188, 186 N. W. 616.

It is undisputed that the space between the rails and underneath the rear-end platform of the car, upon which Rupert had been standing, was so limited that serious injury to a man of his stature and weight was inevitable upon his body entering that space while the train continued in motion. Once down, injury was an inevitable consequence, so that whatever was the proximate cause of his fall was also the proximate cause of his injury. Hence, at the outset, there arises the question, What caused Rupert to fall? There is no evidence of any negligence on the part of the train crew in the movement of the train.

The jury found that the brake-beam safety hanger was defective or insufficient; that such defective or insufficient condition caused in whole or in part the injuries and death of Rupert; and that he did not assume the risk of his injury, and was not guilty of contributory negligence.

There is no direct evidence in support of those findings. Rupert's injuries were such that he was unable to speak and tell how or why he fell. No witness was produced who actually saw him fall, or who knows of his own knowledge what caused him to fall. However, we have concluded that those findings can be sustained by indulging in the most favorable inferences that some of the credible circumstantial evidence admits of, and by giving the plaintiff the greatest possible benefit of the rule that if there is any credible evidence, which under any reasonable view will support or admit of an inference for or against the claim or contention of any party, then what is the proper inference to be drawn therefrom is for the jury and the court should not assume

to answer such questions by substituting another answer after the verdict is returned. *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 228 N. W. 741. It is unnecessary to here discuss those inferences, in view of the conclusions which we reach on another crucial proposition.

In order to render the defendant liable it was incumbent on the plaintiff to establish, in addition to the facts found by the jury, as hereinbefore stated, that the defendant *negligently* permitted that defect or insufficiency of the safety hanger to be in existence at the time of the injury. Negligence in that respect is essential to recovery, under the federal Safety Appliance Act, and its existence is an affirmative fact which plaintiff must establish. *New Orleans & N. E. R. Co. v. Harris, supra; Richter v. C., M. & St. P. R. Co., supra.* The jury did find that the defendant did negligently permit that defect or insufficiency of the hanger to exist at the time of the injury. However, does the evidence admit of inferences necessary to sustain that finding of negligence?

The hanger was on car No. 47130, which was owned by the Chicago & Northwestern Railway Company. On a track one and one-half miles from the place of the accident, that car, together with other cars, was transferred by that company to the defendant's custody on the day of the accident, for transit over the latter's tracks to the consignee's premises. There is no proof that the hanger and the bolt and nuts as originally designed or constructed were defective or insufficient, and, under the circumstances, the defendant is not responsible for any insufficiencies in the design or original construction of the hanger. Its negligence, if any, would only arise if the bolt and the nuts with which it was fastened had become insufficient or defective under such circumstances that the defect ought to have been discovered by the defendant by reasonable inspection before this foreign

car was admitted to its train. *Baltimore & P. R. Co. v. Mackey*, 157 U. S. 72, 87, 15 Sup. Ct. 491.

There is no proof as to the length of time that any insufficiency or defect existed by reason of the condition or absence of the bolt or nuts, excepting that they were not found after the accident, and that an end of the bar may have been down and dragging along the snow a few feet before it entered upon the trestle, and that it gouged a mark across a tie in the center of the trestle, which was sixty-eight feet long, and also several other ties, as it was leaving the trestle. However, the fact that the bar may have been down when the car was in the immediate vicinity of the trestle does not establish that the fastening of the bar was defective or insufficient when, prior thereto, the defendant took possession of the car, a mile and a half anterior to the trestle.

"It is an elementary principle of evidence that, as a general rule, presumptions do not run backward; that while 'when the existence of a person, a personal relation, or state of things is once established by proof, the law presumes that the person, personal relation, or state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised from the nature of the subject in question' (*State ex rel. Milwaukee Med. Coll. v. Chittenden*, 127 Wis. 468, 107 N. W. 500; 1 Greenl. Ev. § 41),—there is no retroactive evidentiary inference, especially reaching backward, materially." *Ellis v. State*, 138 Wis. 513, 524, 119 N. W. 1110. *Pierce v. Stolhand*, 141 Wis. 286, 124 N. W. 259; *Blank v. Tp. of Livonia*, 79 Mich. 1, 44 N. W. 157; *Adams v. Junger*, 158 Iowa, 449, 139 N. W. 1096, 1100; *Powers v. Boston & Maine R. R.* 175 Mass. 466, 56 N. E. 510.

Hence, the record is wholly devoid of proof that the fastening of the bar was defective or insufficient when the defendant received the car, and there is no basis for finding that the defendant could or ought then to have discovered a defect or insufficiency.

Defendant claims that, as its inspector La Court testified, the car, including the bar, was inspected by La Court when the defendant received the car, and that the bar was then properly fastened. Two employees of the Chicago & Northwestern Railway Company also testified that, on prior inspections made by them at Escanaba and Marinette, while the car was in transit, before it was delivered to the defendant, they looked under the car and found nothing wrong with the bars. Plaintiff contends that because of inaccuracies in written reports made by those employees, their testimony is discredited and incredible. However that may be, the record is still without proof that, when the defendant ought to have properly inspected the bar, its condition was such that La Court could or ought to have discovered that it was defectively or insufficiently fastened. In the absence of such proof there is no basis for the jury's answer to the second question, that the defendant negligently permitted the defect or insufficiency to be in existence at the time of the injury. Consequently, the defendant was entitled to have its motion for the change of the answer to the second question from "Yes" to "No" granted; and thereupon to have the complaint dismissed upon the merits.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on December 9, 1930.