GANZER, Respondent, vs. GREAT AMERICAN INDEMNITY COMPANY, imp., Appellant.

*September 14—October 11, 1932.*

For the appellant there was a brief by *Thompsons, Gruene-wald & Frye* of Oshkosh, and oral argument by *Arthur H. Gruenewald.*

For the respondent Ganzer there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *Ray C. Dempsey* of Antigo.

On behalf of defendant Weed, executor, there was a brief by *Luchsinger & Riley* of Oshkosh, and oral argument by *S. J. Luchsinger.*

FAIRCHILD, J.   There is no claim in this case that Levenger drove at an excessive rate of speed or that he was inattentive to his duties.   There is no suggestion that he was reckless in any respect.   The causes of the accident, as disclosed by the record, were of such a nature that their existence would be as readily known of by the guest as by the owner of the car.   The judgment in favor of respondent is based on alleged negligence of Levenger in the manner of the application of the brakes.   The respondent knew Levenger was driving a new car which had been in the possession of his employer but a short time, and that his experience with it was limited to driving this auto not to exceed four hundred miles.   When the brakes were applied the car was traveling less than thirty miles an hour on a dry pavement.   Apparently the wheels on the left side were retarded more than the wheels on the right, thus forcing the car to the left and heading it toward a post on that side of the road.   The driver attempted to turn the car to the right.   He says:

"The pavements were dry but the railroad rails were slippery; they were greasy.   I imagine this had something to do with giving the car a chance to skid on them. . . . I applied the brakes before I got to the rails, and when I got to them I had the brakes on tight. . . . I had had no experience with four-wheel brakes before I got this car. . . . I had had no experience driving it when I had to apply the brakes suddenly. . . . I set the brakes pretty hard and that car operated different from a Buick in the steering and the Buick operated different with the brakes. . . . It turned around and shot across the road and got into the ditch."

In order to sustain the judgment it is necessary to hold that a driver lacking skill or experience because of un-

familiarity with a new car and the way the brakes are going to act, is liable to any one who may accept his invitation to ride. This is contrary to the plain and reasonable rule which fixes the duty of the owner or driver of a vehicle to a gratuitous guest as that of exercising ordinary care not to increase the danger to the guest or create a new danger over the risk which is assumed when a guest enters the car. The doctrine recognized in *Cleary v. Eckart,* 191 Wis. 114, 210 N. W. 267, and supported by the citations in the opinion in that case requires a holding that the respondent here does not have the right to demand of the driver of the car in which she was a guest a degree of skill which it was impossible to furnish at the time either for her protection or for the protection of Mrs. Weed, who had invited her to ride with her. If the accident happened because of Levenger's lack of skill, then the consequences of such lack of skill and experience were assumed by respondent when she started on this trip. *Fontaine v. Fontaine,* 205 Wis. 570, 238 N. W. 410. As said in *Cleary v. Eckart, supra:* "The same consideration which compels the guest to accept a car in the condition in which he finds it also compels him to be content with the honest and conscientious exercise of such skill as the host or driver may have attained in the management and control of the automobile in emergencies."

It appears clearly that the injury suffered by the respondent was not due to an inadvertent imperfection in the discharge of a legal duty owed by the driver, but was the result of causes arising from conditions which were present and accepted by the respondent when she entered the automobile.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint as against the Great American Indemnity Company.