HARTER, Respondent, vs. DICKMAN, Appellant.

*May 9—November 9, 1932.*

For the appellant there was a brief by *Stephens, Slette-land & Sutherland,* and oral argument by *A. Eugene Kilmer,* all of Madison.

For the respondent the cause was submitted on the brief of *John A. Cannon* of West Bend.

NELSON, J. The jury found that the defendant was not negligent in operating his automobile at and just previous to the time of the accident in respect to *control,* but found that the defendant was negligent at such time "in respect to the *control* at which he drove so as to increase the danger to the plaintiff beyond which the plaintiff ought to have reasonably expected in riding with the defendant." That the verdict as rendered was inconsistent there can be no doubt.

The verdict as rendered could not support a judgment, and a new trial should have been granted unless the only inference which the evidence permitted was that the defendant failed to exercise ordinary care in the control of his car. *Haas v. Chicago & N. W. R. Co.* 41 Wis. 44; *Kearney v. Chicago, M. & St. P. R. Co.* 47 Wis. 144, 2 N. W. 82; *Schliesleder v. Milwaukee E. R. & L. Co.* 147 Wis. 668, 134 N. W. 144; *Berndl v. Director General of Railroads,* 177 Wis. 210, 188 N. W. 81.

It is claimed that the evidence permitted of no other inference than that the defendant failed to exercise ordinary care in the control of his car and that the court properly changed the answer to subdivision A from "No" to "Yes," and that the inconsistent verdict rendered was thereby made

consistent. It is, however, contended by the defendant that there is evidence which supports the answer of the jury; that the evidence was sufficiently conflicting to justify the jury in answering subdivision A "No;" that the question of defendant's failure to exercise ordinary care in controlling his automobile at and just previous to the time of the accident clearly presented a jury question; and that therefore the court improperly changed the answer from "No" to "Yes."

We are in accord with the contentions of the defendant. Whether the defendant was negligent under the rules hereinafter stated in controlling his automobile, under all of the circumstances, was, we think, clearly a jury question and the trial court was not justified in changing the answer. The verdict of a jury should not be disturbed on motion to change answers if there is any evidence to support it or if there is any credible evidence which in any reasonable view fairly admits of an inference that supports the jury's findings. *Svenson v. Vondrak*, 200 Wis. 312, 227 N. W. 240; *Hillside G. & T. Co. v. Pflittner*, 200 Wis. 26, 227 N. W. 282; *Millard v. North River Ins. Co.* 201 Wis. 69, 228 N. W. 746; *Rupert v. Chicago, M., St. P. & P. R. Co.* 202 Wis. 563, 232 N. W. 550.

That the jury was confused, due to its failure to understand the questions and the issues to be determined, is obvious. No other plausible explanation for the inconsistent answers made can be suggested.

Question 1, considering the issues in this action, was unfortunately framed. The plaintiff was a guest of the defendant. In that situation, under the established law, the defendant owed to the plaintiff the duty to exercise ordinary care not to increase the danger or to add a new one to those which the plaintiff assumed when he entered the automobile. The law applicable to host-and-guest cases has been repeatedly stated. *Sommerfield v. Flury*, 198 Wis. 163, 223 N. W. 408; *Poneitowcki v. Harres*, 200 Wis. 504, 228 N. W. 126; *Waters v. Markham*, 204 Wis. 332, 235 N. W. 797; *Sweet*

v. *Underwriters Cas. Co.* 206 Wis. 447, 240 N. W. 199, and numerous other cases cited therein.

A guest assumes the danger incident to the skill, competency, and experience of the driver whether known or unknown to the guest. *Cleary v. Eckart,'* 191 Wis. 114, 210 N. W. 267. He also assumes the risk of such habits of the driver as are known to him. *Olson v. Hermansen,* 196 Wis. 614, 220 N. W. 203.

If in a given case it appears that observations have been made and that a host has exercised his judgment as to the operation of his automobile but has not in fact exercised the best judgment, as a result of which injury results to a guest, the latter, in such a situation, should not be permitted to recover, because the host has exercised such skill as he possesses and has exercised such judgment as he is capable of exercising.

A rule which compels a guest to accept the driver-host with such skill as he possesses and with such infirmity of judgment as he has, seems eminently fair. The established rule as to assumption of risk by a guest should not be extended to situations where a host is inattentive and careless in making observations, to situations where his faulty judgment is based upon faulty premises proceeding from careless observation, or to hasty judgments resulting from careless observation.

The rules just discussed are separate and distinct from the doctrines applicable to emergencies and from the rules relating to the acquiescence of a guest in the conduct of a host which he impliedly accepts by not protesting.

In the present action, under the facts herein, a question substantially as follows should have been submitted:

"Did the defendant, just prior to the accident, fail to exercise ordinary care not to increase the danger assumed by the plaintiff upon entering defendant's automobile—

"(a) in respect to the control of his automobile?"

This question would have presented to the jury the vital issue in the action and, when accompanied by proper instructions, should have given rise to no confusion.

Because question 1 was not correctly framed with respect to the issues involved; because the verdict rendered was inconsistent and could not properly support a judgment; because the court erred in changing the answer to subdivision A of question 1 from "No" to "Yes;" and because, under the circumstances, the court erred in not granting a new trial, the judgment must be reversed.

*By the Court.*—Judgment reversed, and the cause remanded for a new trial.