EISENHUT and others, Respondents, vs. EISENHUT, Appellant.

*April 13—October 10, 1933.*

For the appellant there was a brief by *Wilcox & Wilcox* of Eau Claire, and oral argument by *Francis J. Wilcox*.

For the respondents there was a brief by *Bundy, Beach & Holland* of Eau Claire, and oral argument by *E. B. Bundy*.

The following opinion was filed May 9, 1933:

FOWLER, J. The appellant claims that the answers in the verdict as to assumption of risk should have been changed from "No" to "Yes" and that judgment should have been entered dismissing the complaint upon his motions therefor made after return of the verdict.

This court is committed to the doctrine that a guest in an automobile assumes the risks incident to the skill of the driver. "If the host driving the car conscientiously exercises the skill possessed by him in handling the car in emergencies," the guest has no right to demand more. The guest does not "have a right to demand of the host a degree of skill for the security of the guest which the host is utterly unable to exercise for his own protection." *Cleary v. Eckart,* 191 Wis. 114, 118, 210 N. W. 267. This rule is recognized and affirmed in the later cases of *Ganzer v. Great American Indemnity Co.* 209 Wis. 135, 244 N. W. 588; *Fontaine v. Fontaine,* 205 Wis. 570, 576, 238 N. W. 410; *Thomas v. Steppert,* 200 Wis. 388, 228 N. W. 513; *Harter v. Dickman,* 209 Wis. 283, 245 N. W. 157.

From the undisputed evidence in this case it appears that the host exercised such skill as he possessed in trying to get the right wheels of his car from the shoulder of the road back onto the concrete. The accident was due entirely to his inexperience and lack of skill in handling his car in the existing situation. The case is indistinguishable in principle from *Cleary v. Eckart, supra,* wherein a guest riding with an inexperienced host, injured by being thrown out of the car upon its skidding due to the host's suddenly applying the brakes when a rear tire exploded on a road surfaced with loose gravel, was held as matter of law to have assumed the risk incident to the host's inexperience and lack of skill in handling a car in such a situation.

It is true that in somewhat similar situations, as in *Poneitowcki v. Harres,* 200 Wis. 504, 228 N. W. 126, and *Hensel v. Hensel Yellow Cab Co.* 209 Wis. 489, 245 N. W. 159, the guest has been held not guilty of contributory negligence. But the drivers in those cases were experienced and skilful, and the basis of recovery was their negligence in maintaining a lookout. As to lookout the host owes the same duty that he owes other users of the highway, instead of the limited duty not to increase the dangers which the guest assumes when he accepts the hospitality of the host. The guest does not assume the risk incident to the host's failure to maintain a lookout. He does assume the risk incident to the exercise of such skill as the host possesses. There was not negligence as to lookout in the instant case. The defendant observed and thoroughly understood all the facts involved in the existing situation. What he did not know was how safely to extricate the car from the situation, and that was due to lack of experience and skill.

*By the Court.*—The judgment of the circuit court is reversed, with instructions to dismiss the complaint.

The following opinion was filed October 10, 1933:

FOWLER, J. (*on motion for rehearing*). A motion for rehearing is made upon the grounds that (1) the guests did not assume the risk incident to the lack of experience and skill of their host who was driving the automobile; and that (2) even if the adult guests did assume such risk, the five-year-old plaintiff, Renata Eisenhut, did not assume it.

(1) The decisions of this court cited in the original opinion amply support the statement of the text that "This court is committed to the doctrine that a guest in an automobile assumes the risks incident to the skill of the driver."

The brief criticizes as *obiter* a statement in the opinion in *Harter v. Dickman,* 209 Wis. 283, 245 N. W. 157, that "A guest assumes the danger incident to the skill, competency,

and experience of the driver whether known or unknown to the guest;" and claims that it is contrary to the rule of *Sommerfield v. Flury,* 198 Wis. 163, 223 N. W. 408, to the effect that the driver's duty is . . . "not to increase the danger or to add a new one, . . . not to increase the danger which may reasonably be anticipated upon entering the car. He (the guest) also assumes the danger incident to the known incapacity or inexperience of the driver."

In the cases cited in the original opinion wherein inexperience or want of skill was involved, the guest *knew* of the inexperience of the driver, so that assumption of known risks was all that was involved. In the *Harter Case, supra,* want of experience or skill of the driver was not involved and the statement criticized was perhaps beside the issues, but the statement was correct. Our rule as to non-liability for lack of skill in host-guest cases harks back to *Cleary v. Eckart,* 191 Wis. 114, 118, 210 N. W. 267. It is there said (p. 119) :

. . . "The case may well be disposed of on the ground that plaintiff accepted such hospitality as the host had to offer, and that consisted of the car in the condition in which it was, and the driver with such limited skill as she had been able to acquire in driving a car but 1,200 miles, of which plaintiff had knowledge."

It is also stated in that case, as pointed out in the original opinion herein, that the guest has no right to demand of the host a degree of skill which the host is unable to exercise for his own protection. The latter statement applies to situations in which the guest does not know of the lack of skill of the driver as well as to those in which he does. If a driver permits a stranger to ride with him in his automobile the stranger takes the automobile as it is and the driver as he is—he accepts such hospitality as the host has to offer,— and this implies that he assumes the risk incident to the use

of the automobile in the condition in which it is, and to the degree of skill possessed by the host.

Counsel argue that an emergency was involved in *Cleary v. Eckart, supra,* and that the rule of that case is applicable only to emergencies, and that as no emergency existed in the instant case the rule does not here apply. The situation here involved would not have constituted an emergency to an experienced and skilful driver, but under the evidence herein the situation presented an emergency to the defendant that was real and pressing. And if it were not so considered the situation would, upon reason, call for application of the rule. A host in any situation cannot, as said in the *Cleary Case* (p. 118), be held to exercise for the protection of his guest "a degree of skill which he is utterly unable to exercise for his own protection."

(2) It must be conceded that as matter of law a five-year-old child cannot be held to assume a risk of injury. But while it is stated in several opinions of this court that the guest assumes the risk incident to the degree of skill possessed by the host, this is not the fundamental ground upon which the exemption of a host from liability to a guest for injuries sustained through lack of experience of the host is based. The fundamental basis of the exemption is that the host has not violated any duty owed to the guest, and exemption on that basis applies to a child of tender years as well as to an adult. Harking back again to our leading case of *Cleary v. Eckart, supra,* we find it there stated that the relation between host and guest is that of licensor and licensee. This rule is first stated in *O'Shea v. Lavoy,* 175 Wis. 456, 185 N. W. 525, wherein it is said (p. 462) :

"We can see no difference between an invitation extended by a person to dine with him and an invitation to ride in his car. It has been held by this court that in the former case the legal relation arising was that of licensor and licensee. *Greenfield v. Miller,* 173 Wis. 184, 180 N. W. 834."

In the latter case a guest slipped on a loose rug in the host's house, and the ruling was that the host owed no duty to the guest further than to warn him of lurking dangers. The host owes no more duty to his guest who is a child upon receiving him into his house or his automobile than to his guest who is an adult. In either case the host's obligation is to take reasonable means to protect his guest from hidden dangers of which he (the host) knows. The defendant in *Greenfield v. Miller, supra,* would have been no more liable to a child slipping upon the carpet than to an adult; and in the *O'Shea Case, supra,* no more liable to a child for injuries sustained through a defective spring in the automobile than to an adult. The rule that a host owes no duty to a guest in his automobile to exercise a degree of skill that he does not possess, with like reason applies to a child as well as to an adult. Thus the defendant is not liable to the plaintiff Renata Eisenhut, not because the child voluntarily assumed the risk incident to his lack of experience, but because the defendant owed no duty towards the child to exercise a degree of skill which he was, through lack of experience under the circumstances involved, unable to exercise. A host might, presumably, under some circumstances, become liable for injuries to a child he permitted to ride in his automobile, but the basis of liability would not be grounded upon inability to exercise skill he did not possess, but upon permitting the child to enter the car under the circumstances involved. No such basis could be laid under the circumstances of this case, as inability to handle the car under the circumstances involved was unknown to the defendant, and he is as free from liability for failure to exercise skill which, unknown to himself, he did not possess, as he would be for injuries caused by a defect in his car of which he did not know.

For the reason that the second proposition herein considered was not mentioned in the original briefs, we did not

discuss it in the original opinion. As counsel have expressed their views upon the proposition on the motion for rehearing, we see no need to order a further argument and the motion for rehearing will be denied. However, the point was very properly raised by motion for rehearing, and no costs will be awarded, except for printing the brief submitted by appellant upon the motion.

*By the Court.*—The motion for rehearing is denied.