Monsos, Respondent, vs. Euler and another, Appellants.

*September 12—October 9, 1934.*

134

*Harry V. Meissner* of Milwaukee, for the appellants.

For the respondent there was a brief by *Corrigan, Backus, Ruppa, Bortin & Backus* of Milwaukee, and oral argument by *Walter D. Corrigan, Sr.,* and *Walter A. Backus, Jr.*

WICKHEM, J.   On March 18, 1932, pursuant to previous arrangements, plaintiff came by rail from her home at Black River Falls to the city of Baraboo, where she met the defendant.   Plaintiff and defendant had planned to drive to Milwaukee, and then to visit plaintiff's relatives in Port Washington.   When they left Baraboo about 4 o'clock in the afternoon it was raining, sleeting, and freezing.  The windshield was obstructed by ice, and the windshield wiper was ineffective to remove this.   In order to improve the conditions of visibility through the windshield, defendant lighted two candles and placed them in proximity to the windshield to melt the ice.   As a result of the use of these candles a portion of the windshield several inches wide and five or six inches high was cleared.   The defendant maintained a speed of about thirty miles an hour through the entire journey.   About 6 o'clock in the evening, at a point some sixty miles from Baraboo, the car came over a slight rise in the highway.   The defendant then saw ahead of him a truck which was in fact about four hundred and ten feet away, but which defendant estimated to be from two hundred to two hundred and fifty feet away.   Although there is a conflict on the

point, there is evidence that defendant immediately slammed on his brakes. The car then skidded into the ditch, turned over, and caused plaintiff's injuries.

Defendants' first contention is that the accident was caused, in part at least, by poor visibility and the slippery condition of the highway, and that these conditions were known to plaintiff and the risk involved assumed by her. Particular reliance is had upon *Knipfer v. Shaw*, 210 Wis. 617, 246 N. W. 328, 247 N. W. 320, where this court said:

"May it be said, with reason and common sense, that a person may ride in a car for many miles under such conditions without fully assuming the risk of injury incident to such a trip? We think not."

The *Knipfer Case* is distinguishable from the case at bar. There the facts compelled the conclusion that a causal connection existed between the weather conditions and the accident. In the *Knipfer Case* the parties were driving in a fog so dense as virtually to destroy all visibility, and to make it nearly impossible to maintain a proper position on the highway or observe the approach of other vehicles. Here the general conditions of visibility were not bad. The only difficulty was that the view through the windshield was obstructed by sleet, and this condition was sufficiently remedied by the use of candles so that both parties observed the truck when it was over four hundred feet ahead. After observing the truck there was ample time and opportunity, even assuming a somewhat slippery pavement, to bring the car to a stop and to avoid the accident. Under these conditions it cannot be held that the weather conditions were a cause of the accident, and if they were not, plaintiff's assumption of risk with respect to them would be immaterial. These conclusions also render inapplicable the doctrine of *Young v. Nunn, Bush & Weldon Shoe Co.* 212 Wis. 403, 249 N. W. 278, where it was held that one of the items of negligence found by the jury to have been a cause of the accident, and as to

which the plaintiff assumed the risk, could not be isolated or separated from another item also found by the jury to have been a cause, and with respect to which plaintiff did not assume the risk.

The evidence sustains the conclusion that the cause of this accident was the sudden application of the brakes by defendant, and his consequent loss of control over the car. That this was not the proper procedure under such conditions as prevailed is conceded; that every experienced driver knows that a sudden application of the brakes under such conditions will result in skidding and loss of control is not denied. It is evident from the record that defendant was an experienced driver and knew all this. It is contended that under all of the facts the default of defendant was one of judgment or skill, as to which plaintiff assumed the risk. We are of the opinion that the jury was entitled to conclude that defendant did not conscientiously exercise the skill and judgment possessed by him, or utilize the experience that he concededly had. It is further contended that skill involves not only judgment, but the co-ordination necessary actually to accomplish what experience teaches to be the proper course. There is no evidence to support the conclusion that defendant's skill did not measure up to his experience, or that some physical mischance arising out of lack of skill in the sense referred to, prevented defendant from carrying out a course that his experience dictated and that he desired to follow. Defendant's position upon the trial, in contrast with his earlier statements and testimony, was that he did apply the brakes gently and only slammed them on when this course proved ineffective. While the matter is not free from difficulty, we are of the opinion that the evidence sustains the conclusion that plaintiff did not assume the risk as to defendant's negligent application of the brakes. Reliance is had on *Grover v. Sherman,* 214 Wis. 152, 252 N. W. 680; *Ganzer v. Great American Indemnity Co.* 209 Wis. 135, 244 N. W. 588; *Harter v.*

*Dickman,* 209 Wis. 283, 245 N. W. 157; *Cleary v. Eckart,* 191 Wis. 114, 210 N. W. 267; *Olson v. Hermansen,* 196 Wis. 614, 220 N. W. 203; *Eisenhut v. Eisenhut,* 212 Wis. 467, 248 N. W. 440, 250 N. W. 441. A detailed analysis of each of these cases would unduly extend this opinion without performing a corresponding service. It is enough to say that they are all distinguished from the present case by reason of the fact that here the evidence sustains the conclusion that the accident happened not because of lack of skill, experience, or judgment on the part of defendant, but by reason of his failure conscientiously to exercise such skill, judgment, and experience as he had.

The next assignment of error is that Exhibit two was improperly admitted into evidence. Exhibit two was an unsigned carbon copy of a letter written by the Downey Agency, of Merrill, to the defendant insurance company. In this letter there is nothing of any consequence except one sentence: "Our assured feels terrible about the accident and, of course, feels that he is to blame both because of his inviting her to come and also for the accident." It is first contended that this letter was wholly unidentified. The evidence, however, shows that the identity of the senders was not in question, and that no objection was made upon the ground suggested by the contention. It is further contended that the letter constituted hearsay evidence of an admission by defendant that he was to blame. This would be a valid objection to its admission were it not for the circumstances under which it came into plaintiff's possession. The carbon copy was given to plaintiff by defendant, and the delivery of this document to her, without any repudiation of its contents, is at least an admission by conduct and silence that amounts to an adoption of these statements. It follows that the trial court committed no error.

Upon defendant's appeal the judgment must be affirmed. There is, however, a motion to review upon the ground that

the awards of the jury for loss of time and for pain and suffering are inadequate. It is respondent's contention that plaintiff concededly lost nineteen months of time from her injuries, which consisted of two broken vertebræ in the neck. It is contended that the undisputed proof shows average earnings of $125 a month for the three years preceding the accident, and that this should have resulted in a verdict of $2,375.

The evidence upon this point was that plaintiff was a graduate nurse; that she entered the profession in 1926; that she was a private duty nurse, registered at a hospital in Minneapolis, and subject to call as the doctors required nurses in private cases; that up to the time of the accident she had been employed about three-fourths of the time. She stated that her average earnings prior to the accident were $125 a month. It is not clear whether this sum represented her scale of pay or her earnings after taking into account the periods of idleness involved, but the jury could conclude that her earnings did not exceed $90 per month. The jury awarded $30 per month. Plaintiff claims that this is contrary to the unimpeached and uncontradicted testimony of plaintiff. While it may be 'a verity that plaintiff was unable to work for nineteen months, and that she had theretofore earned from $90 to $125 per month, the jury was not compelled to conclude that these earnings would have continued during the nineteen months. In such an assessment a jury is attempting to estimate what would have happened had the accident not occurred. In arriving at the reasonable probabilities, it must take into account past earnings, if they are of a character that gives rise to inferences as to the future, and must discount these inferences in the light of common knowledge. In this case plaintiff went out on call. She had no fixed or continuous employment with a single employer, and the inferences to be drawn from her past earnings are not as persuasive under these circumstances. The jury, without be-

ing guilty of passion and prejudice, might consider the effect of the economic crisis upon the professional activities of plaintiff, and as a result be unconvinced that plaintiff's earnings would have been as great during the nineteen months as they had theretofore been. Such a conclusion is fatal to plaintiff's contention. The jury being unconvinced that plaintiff was entitled to the amount claimed, awarded plaintiff $570. Plaintiff has no standing to object that there was no basis other than speculation or guess for setting this amount, and the defendant makes no objection to the award.

It is also contended by plaintiff that the amount awarded for pain and suffering is inadequate. We are of the opinion that this contention cannot be sustained. While the award is quite conservative, the type of damage involved is nonpecuniary in character, and the jury have a large discretion in fixing the award. While the injuries may result in serious future disability, which the jury recognized by an award, the sufficiency of which is not challenged, the testimony does not show that the injury in terms of pain and suffering was particularly severe. A larger award could easily be sustained, but we are not persuaded that the award made was so low as to indicate passion and prejudice on the part of the jury.

*By the Court.*—Judgment affirmed.