KAUTH, Plaintiff and Respondent, vs. LANDSVERK and another, Defendants and Respondents: KAUTH and another, Interpleaded Defendants and Appellants.

*February 8—April 27, 1937.*

For the appellants there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Carl Muskat.*

For the respondents Arnold Landsverk and the Hardware Mutual Casualty Company there was a brief by *Hayes & Hayes,* attorneys, and *William A. Hayes* of counsel, all of Milwaukee, and oral argument by *William A. Hayes.*

For the respondent Mabel Kauth there was a brief by *Coleman & Barry* of Milwaukee.

The following opinion was filed March 9, 1937:

FOWLER, J. The appellants claim that upon the preceding statement of facts the impleaded husband is not liable for contribution because, (1) the principle of *respondeat superior,* which is the basis of the judgment for contribution, does not render the husband liable for the results of his agent's (his daughter's) acts unless his agent (his daughter) is herself liable for those results; and his agent (his daughter) is not so liable in the instant case because the plaintiff mother cannot sue her minor daughter; (2) the finding of the jury that the plaintiff assumed the risk of injury from the daughter's driving is sustained by the evidence, and as matter of law barred the plaintiff from recovery for injuries resulting from the daughter's driving, and thus required dismissal of the cross complaint for contribution; (3) the questions as to agency should have been submitted to the jury; or, if not, the court should have held that the daughter was the agent of the plaintiff.

(1) The doctrine of *respondeat superior* renders the principal liable for the results of his agent's acts, not because the agent is liable for those results, but because the agent's acts are the acts of the principal. If under the circumstances involved the agent, the daughter, is not liable to her mother because the mother cannot sue her, the principal is liable for the results of her acts because they are his acts. The decision in *Le Sage v. Le Sage, ante,* p. 57, 271 N. W. 369, rules claim (1) against the appellants.

(2) (a) We are of opinion that the court erred in changing the answer of the jury to the question respecting assumption of risk. The evidence warrants the jury's finding. The daughter's only negligence was as to speed. The daughter had only recently received a driver's license. She had driven only five hundred miles. The plaintiff was familiar with the road and the conditions at the intersection where the collision occurred and knew it was dangerous. The plaintiff testified that at the crest of a hill five hundred feet from the intersection she warned the daughter that a friend had been seriously injured in a collision at the intersection, and that she told her daughter to drive slowly and be careful. The daughter testified that this conversation was at the bottom of the hill before they reached the crest, one thousand feet from the intersection. The daughter answered the mother that she "would creep along." The daughter testified that she slowed down from thirty-five to forty to twenty-five to thirty miles per hour. From other testimony the jury might infer she was driving fifty miles per hour as she neared the intersection. The daughter said at the time of the collision that she was driving too fast. The Landsverk car was approaching from the right. The view to the daughter's right was obstructed by bushes along the near side of the intersecting road. The daughter did not and could not see the approaching car until it was fifteen feet away. Sec. 85.40 (4), Stats., requires that when a driver is approaching an intersection where the view is obstructed he must reduce his speed to such a rate that he

can stop his car in one half the distance that he can see an approaching car. The speed of the car was thus grossly excessive. The mother made no objection or protest as to the speed from the crest of the hill to the intersection, although there was ample time and opportunity for her to do so. Under this evidence the jury were well warranted in inferring that the plaintiff acquiesced in and assumed the risk of injury from the speed at which the daughter was driving as she neared the intersection.

(2) (b) It is the settled rule of this court that a guest who knows his host's inexperience as a driver assumes the risk of injury to himself that results from such inexperience, and that a guest who acquiesces in the speed at which his host is driving assumes the risk of injury resulting from such speed. A guest who assumes such risk, cannot recover from his host. A multitude of cases so hold. *Cleary v. Eckart,* 191 Wis. 114, 210 N. W. 267; *Sommerfield v. Flury,* 198 Wis. 163, 223 N. W. 408; *Eisenhut v. Eisenhut,* 212 Wis. 467, 248 N. W. 440, 250 N. W. 441; *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 252 N. W. 721; *Scory v. LaFave,* 215 Wis. 21, 254 N. W. 643.

In the instant case the impleaded husband was not the driver of the car, but the driver of the car in which the plaintiff was riding was his agent. The doctrine of *respondeat superior* imposed on him responsibility for the results of his agent's acts if those acts impose liability. By the same token, if under the existing circumstances, the acts of his agent did not impose liability he is not responsible for their results. The agent's acts in the instant case did not impose liability, because the plaintiff, as the jury found, assumed the risk of injury resulting from those acts. The doctrine of assumption of risk by a guest does not bar recovery for injuries to which negligence of a third person proximately contributes. In such case the third person is liable. *Walker v. Kroger Grocery & Baking Co., supra.* But as here, because of the

plaintiff's assumption of risk, neither the host (the daughter) nor the host's principal (the father) is liable, there is no liability at all, hence there is no common liability, and without common liability there can be no contribution. *Zutter v. O'Connell,* 200 Wis. 601, 229 N. W. 74. The cross complaint for contribution should have been dismissed.

In this connection it should perhaps be mentioned that the question submitted to the jury whether the plaintiff's assumption of risk was a cause of her injuries was beside the case. The bar from recovery by assumption of risk is not dependent on causal connection with the injuries. While this has perhaps not heretofore been expressly stated in the opinions of the court, it follows from the rule of the *Scory Case, supra,* if that rule is adhered to, that assumption of risk is not contributory negligence. If it is not contributory negligence, causal relation between the acquiescence and the injuries is entirely immaterial.

(3) As the case is ruled by the plaintiff's assumption of risk, there is no occasion to consider whether under the evidence the daughter was the plaintiff's agent, as matter of law, or whether the question of her agency was for the jury. We consider that under the evidence, which there is no need to state, the daughter was, as matter of law, the agent of the plaintiff's husband.

*By the Court.*—The portions of the judgment of the circuit court awarding recovery by the plaintiff against the impleaded defendants and awarding contribution, are reversed, and the cause remanded, with instructions to dismiss the cross complaint against the impleaded defendants.

A motion for a rehearing was denied, with $25 costs, on April 27, 1937.