SCHNEIDER, Appellant, vs. AMERICAN INDEMNITY COMPANY, Respondent.

*November 11—December 8, 1942.*

For the appellant there was a brief by *Gene Posner* of Milwaukee, attorney, and *Lockney, Lowry & Hunter* of Waukesha of counsel, and oral argument by *Mr. Posner.*

For the respondent there was a brief by *Bendinger, Hayes, Kluwin & Schlosser* of Milwaukee, and oral argument by *Gerald P. Hayes.*

WICKHEM, J. Plaintiff's sole contention is that the trial court erred in changing the jury's answer on assumption of risk from "No" to "Yes." Consideration of this contention requires a statement of the facts.

On August 2, 1940, plaintiff was a passenger in an automobile driven by Clement Mueller, the insured. Plaintiff and one George Sell occupied the rear seat of the automobile, Mueller being alone in the driver's seat. Prior to the accident, the car was proceeding in a southeasterly direction on Highway 41 from Slinger, Wisconsin, to Milwaukee. Throughout the trip, Mueller was traveling at about fifty miles per hour in heavy traffic, and was maintaining a distance of about fifty to one hundred feet from the car ahead of him. Just before the accident the second car ahead of Mueller pulled off the roadway and caused the car immediately ahead of him to make a sudden stop. Mueller made an abrupt stop and succeeded in avoiding a collision. Shortly before this, however, plaintiff and Sell had stood up in the rear of the Mueller car, faced the rear, and proceeded to adjust the rear seat which was out of its socket. Sell had just turned around to sit down and plaintiff was still facing to the rear when Mueller made his sudden stop. Sell was thrown on top of Mueller and plaintiff was

thrown backward into the front compartment of the car. Under these circumstances, plaintiff claims that there is credible evidence to sustain the jury's findings that plaintiff did not assume the risk of injury involved in the manner in which Mueller operated his automobile. It is plaintiff's contention that the sudden application of the brakes was a momentary matter which plaintiff could not assume.

Defendant contends that this case is governed by the principle of *Young v. Nunn, Bush & Weldon Shoe Co.* 212 Wis. 403, 249 N. W. 278, in that plaintiff had acquiesced in the rate of speed and the distance at which Mueller was following the car ahead of him; that if this speed and the distance maintained precipitated a situation in which Mueller had to take sudden action to avoid a collision, plaintiff also assumed the risk arising out of the latter act.

In connection with this, it should be noted that the jury did not find negligent speed on Mueller's part. What it did find was negligent control and management and driving too close to the cars ahead of him. In respect of control and management by Mueller after the sudden stopping of the car ahead of him, we discover no evidence of negligence. Mueller avoided a collision and handled the car as well as was possible in view of its speed and position. In any event, there is no evidence that Mueller did not conscientiously exercise such skill and judgment as he had, and if he did, the plaintiff as a guest cannot complain, as he assumes the risk of lack of skill or error in judgment. *Monsos v. Euler,* 216 Wis. 133, 256 N. W. 630; *Grover v. Sherman,* 214 Wis. 152, 252 N. W. 680; *Ganzer v. Great American Indemnity Co.* 209 Wis. 135, 244 N. W. 588; *Harter v. Dickman,* 209 Wis. 283, 245 N. W. 157; *Cleary v. Eckart,* 191 Wis. 114, 210 N. W. 267; *Olson v. Hermansen,* 196 Wis. 614, 220 N. W. 203; *Eisenhut v. Eisenhut,* 212 Wis. 467, 248 N. W. 440, 250 N. W. 441.

This leaves for consideration the question whether the negligence in following another car at a distance of fifty to

one hundred feet while driving fifty miles per hour was assumed by plaintiff.  Upon the record we think it was, and that there was no issue of fact for a jury to pass upon, since the speed and the distance had been maintained throughout the trip without any protest by plaintiff.  *Young v. Nunn, Bush & Weldon Shoe Co., supra,* and *Forecki v. Kohlberg,* 237 Wis. 67, 295 N. W. 7, 296 N. W. 619.  The traffic was concededly heavy and the speed of the Mueller car, as well as the distance at which Mueller was following other cars, was maintained long enough to have called for protest.  The only protest that plaintiff claims to have made is that the back seat was loose.  Under these circumstances, plaintiff could not have recovered for his injuries had he been sitting in the back seat, and his legal situation is not improved by the fact that he voluntarily stood up and faced the rear to fix the back seat. Hence, we do not deem it necessary to appraise the legal consequences of the latter act.

*By the Court.*—Judgment affirmed.