HUTZLER, Appellant, vs. McDONNELL and another, Respondents.

*January 12—February 9, 1943.*

For the appellant there were briefs by *Gordon, Law, Brody & Johns* of La Crosse, and oral argument by *Lawrence J. Brody.*

For the respondents there was a brief by *Hale & Skemp* of La Crosse, and oral argument by *Quincy H. Hale.*

FRITZ, J. For the purpose of passing upon the contentions on this appeal, it suffices to note the following material matters. The accident, which resulted in the injury of plaintiff, Kathleen Hutzler, for which she seeks to recover damages, happened between 3 and 4 o'clock a. m. on November 17, 1940, while she and John White were riding as guests of the de-

fendant, James McDonnell, in an automobile which he was driving on a concrete highway from Winona to La Crosse. They had left La Crosse at 7 p. m., and en route to Winona had stopped at a tavern where each had four bourbon highballs. Proceeding to Winona, they picked up the girl friend of White and proceeded to a tavern where each had three more highballs. At midnight they went to another tavern and had two more highballs, and then went to a steak shop for dinner. After that they took the Winona girl to her home, and then started for La Crosse with plaintiff and White sitting with McDonnell on the front seat. They had been dancing most of the time between 7 p. m. and 3 a. m.; and after they left Winona, the plaintiff and White dozed in the front seat. She testified that as they approached the place of the accident she saw some objects in the highway about two thirds of a block ahead; that she believed they were livestock, and did nothing until she noticed that McDonnell was not paying any attention; that she then screamed and the car left the highway, got out of control, went into a ditch and struck a stone culvert underneath a side road; and that she was severely injured. McDonnell testified that he also observed something ahead of him on the highway, but because the fur of the deer blended with the background he did not distinguish the objects until he was within one hundred fifty feet of them; that he then realized they were two deer, one directly ahead of him and crosswise of his lane of travel; that he was traveling around fifty miles per hour (which was legal on this highway), and when he recognized the deer he took his foot off the accelerator and jammed on his brakes so hard that he sprained and seriously bruised his ankle; that this took a second and in that time the car traveled about seventy-five feet, and he turned it to the right off the concrete onto a narrow shoulder on the west side of the road; that the brakes proved partially ineffective, and the right side of the car slid down into the ditch into the upright end of a concrete culvert, causing plaintiff's injuries;

and that if he had applied his brakes promptly upon seeing the deer, he would have been able to bring his car to a stop within the one hundred fifty feet that they were distant.

On a former trial the court granted a nonsuit, but on an appeal from the judgment entered thereon it was reversed on the ground that "the evidence clearly presented a jury issue as to defendant's negligence with respect to lookout, and with respect to management and control of his car; likewise, as to plaintiff's assumption of risk and contributory negligence." *Hutzler v. McDonnell,* 239 Wis. 568, 575, 2 N. W. (2d) 207. On the retrial, which resulted in the judgment now under review, the jury found that the defendant McDonnell was not negligent with respect to keeping a proper lookout; that he was causally negligent with respect to management and control; but that "such negligence of McDonnell as to management and control" did not "increase the danger or add to the risk which the plaintiff, Kathleen Hutzler, assumed when she entered said automobile as a passenger." The jury found also that no negligence on her part contributed to her injury.

On this appeal she contends that the court erred in refusing to set aside the jury's finding that McDonnell's negligence as to management and control did not increase the danger nor add to the risk which she assumed when she entered the automobile as a passenger; and also erred in refusing to find, as a matter of law, that plaintiff did not assume the risk. In support of these contentions she claims that there was no time or opportunity for her to protest defendant's negligence in failing to apply his brakes or retard the speed, and no opportunity for her to leave the car. Plaintiff's contention cannot be sustained.

Although, as she claims, there was no time or opportunity for her to protest or leave the car, while McDonnell was failing to succeed in applying his brakes effectively or in retarding the speed, the jury's finding that his negligence as to management and control did not increase the danger or add to the risk

was not in relation to such danger or risk as arose when he failed to so succeed. On the contrary, under the wording of the question submitted to the jury, the inquiry in respect to the assumption of risk by plaintiff was in relation to the danger or risk which she "assumed when she entered said automobile as a passenger." In this case the inquiry as to such assumption on her part, at that earlier stage of the trip, became crucial because of the issues under the evidence herein as to whether McDonnell's failure to more efficiently apply the brakes and control the car was due to sluggishness on his part, as the result of the liquor used and the dancing indulged in by him between 7 p. m. and 3 a. m.; and whether plaintiff had assumed such risk and danger in his management and control of the car as was due to such sluggishness when she entered the automobile. Negligence on the part of McDonnell in the management and control of the car would not suffice to render him liable to his guest, the plaintiff, if he was then conscientiously exercising all the skill he possessed, under the circumstances known to plaintiff, to bring the car to a stop or otherwise avoid an accident. As we said in *Eisenhut v. Eisenhut,* 212 Wis. 467, 470, 248 N. W. 440, 250 N. W. 441:

"This court is committed to the doctrine that a guest in an automobile assumes the risks incident to the skill of the driver. 'If the host driving the car conscientiously exercises the skill possessed by him in handling the car in emergencies,' the guest has no right to demand more. The guest does not 'have a right to demand of the host a degree of skill for the security of the guest which the host is utterly unable to exercise for his own protection.'"

Skill involves not only judgment but also the co-ordination necessary actually to accomplish what experience teaches to be the proper course. And when there is a lack of skill due to the lack of the necessary co-ordination as the result of sluggishness on the part of the host, because of which he cannot exercise the skill otherwise possessed by him in handling his car in emergencies, a guest, who with knowledge of such slug-

gishness and impaired co-ordination entered and continued to ride in the automobile, has no right to demand more of the host than the conscientious exercise of such degree of skill as he possessed then under the circumstances. These matters were considered in *Monsos v. Euler,* 216 Wis. 133, 137, 256 N. W. 630, but were held inapplicable therein because of the jury's finding that plaintiff had not assumed the risk of defendant's negligence. However, as in the case at bar the jury found that McDonnell's negligence did not increase the danger or add to the risk which plaintiff assumed when she entered the automobile, and as the jury could conclude under the evidence that the ability and skill used by him in handling his car was such as was possessed by him in the condition which existed when she entered the automobile for the return trip, there is no liability to her on the part of McDonnell.

It is further contended by plaintiff that if assumption of risk was in issue, it was improperly and unfairly submitted, in that the court should instead have submitted the question,—

"Was such negligence on the part of the defendant so found by you due to lack of skill and judgment?"

And plaintiff also contends that the court erred in not submitting a question to the jury as to whether defendant's lights complied with the statute of Minnesota, where the accident occurred. As there was no request by plaintiff to have such questions submitted on the trial, those contentions cannot be sustained as basis for a reversal of the judgment in view of the rule that where there was no request made to submit a question as part of the special verdict, but merely an exception was taken to the verdict because it did not contain such question, error cannot be assigned thereon. *Bucher v. Wis. Central R. Co.* 139 Wis. 597, 120 N. W. 518; *Sievers v. Fuller,* 181 Wis. 120, 124, 193 N. W. 1002; *Weiberg v. Kellogg,* 188 Wis. 97, 205 N. W. 896; *Laurent v. Plain,* 229 Wis. 75, 79, 281 N. W. 660.

*By the Court.*—Judgment affirmed.