London & Lancashire Indemnity Company, Appellant,
vs. Phoenix Indemnity Company, Respondent.

*January 7—February 3, 1953.*

172

For the appellant there was a brief by *Karrmann & Cole* of Platteville, and oral argument by *Walter J. Cole*.

For the respondent there was a brief by *Kopp & McKichan* of Platteville, and oral argument by *MacArthur McKichan*.

GEHL, J.    It appears from the foregoing that by their answers to the questions of the verdict inquiring as to the

conduct of Miss Bloom the jury found facts which establish that there was no liability on her part to her guests, and that there was therefore no common liability. Consequently, and unless the court was in error in its rulings upon plaintiff's motions after verdict, plaintiff is not entitled to contribution.

Plaintiff contends that the court should have ruled that as a matter of law Miss Bloom's negligence with respect to speed increased the danger assumed by the guests when they entered the car. There is more involved than the mere question of speed. Coupled with that element and the necessity of considering it, is the need for considering the question whether Miss Bloom is relieved from liability to her guests because she was an inexperienced driver, because the guests knew of that fact and assumed the dangers incident to her lack of experience. Neither of the guests made objection or protest to the speed or to her manner of operating the car.

There was ample testimony to permit the jury to conclude that she was an inexperienced driver. She had driven the car alone only once before. The only other driving experience she had had was on a few previous occasions and then in the company of her father. She admitted that she was at the time an inexperienced driver. The jury was also warranted in concluding that the guests knew of her lack of experience. The three girls were good friends and had been associated in work at a hospital for some months before the accident. Miss Jansen testified that she knew that Miss Bloom did not have a driver's license. Miss Bloom testified that she did not have a driver's license and that that fact was known to both girls; that the fact that she was an inexperienced driver was known to both; that they knew of her driving habits; that she operated the car just prior to the collision in the same manner that she customarily and ordinarily drove it and on "any other trip they went with [her] before this one" and that neither of the guests made any protest against her manner of driving.

This testimony is undisputed and, except for that as to Miss Bloom's failure to have a driver's license, was received without objection.

The decision in *Kauth v. Landsverk,* 224 Wis. 554, 271 N. W. 841, controls. There is no substantial difference in the material facts. It was an action which involved the question of liability of a host-driver, a daughter, to her guest, her mother. As in this case, the host was an inexperienced driver. She had previously driven 500 miles. The jury found her causally negligent with respect to speed. There was evidence that for a distance of at least 500 feet to the site of the accident the daughter was driving at an excessive rate of speed and that the mother made no objection or protest as to the speed as the car traversed that distance; the same is true in this case. The court held that the evidence warranted the jury's finding that the guest had assumed the risk, and said (p. 558):

"Under this evidence the jury were well warranted in inferring that the plaintiff acquiesced in and assumed the risk of injury from the speed at which the daughter was driving as she neared the intersection.

"(2) (b) It is the settled rule of this court that a guest who knows his host's inexperience as a driver assumes the risk of injury to himself that results from such inexperience, and that a guest who acquiesces in the speed at which his host is driving assumes the risk of injury resulting from such speed. A guest who assumes such risk, cannot recover from his host. A multitude of cases so hold. *Cleary v. Eckart,* 191 Wis. 114, 210 N. W. 267; *Sommerfield v. Flury,* 198 Wis. 163, 223 N. W. 408; *Eisenhut v. Eisenhut,* 212 Wis. 467, 248 N. W. 440, 250 N. W. 441; *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 252 N. W. 721; *Scory v. La-Fave,* 215 Wis. 21, 254 N. W. 643."

Plaintiff had the rather unusual burden of establishing that its assured was guilty of actionable causal negligence. Unless both Miss Bloom and McDermott were so found neither

can recover from the other upon the theory of contribution. *Wait v. Pierce,* 191 Wis. 202, 209 N. W. 475, 210 N. W. 882; *Neuser v. Thelen,* 209 Wis. 262, 244 N. W. 801. In considering the errors which plaintiff assigns we must determine whether or not they added to plaintiff's burden to establish fault on the part of its assured.

Plaintiff contends that it was error to receive evidence of the fact that Miss Bloom had no driver's license and in support of its contention cites a number of cases decided by this court. They are not in point. The evidence of a violation of a statute in all of them was offered upon the theory that the failure to have the license might bear upon the question of the negligence of the violator, and in all of them it was rejected upon the ground that the violation was not shown to have had any causal relation to the accident. The testimony was offered and received in this case not for that purpose, but for the purpose of establishing the fact of the inexperience of the driver and that her guests knew of such lack. If the failure to have a license were the only circumstance proved for the purpose of establishing inexperience it would be insufficient and, if at the time of the offer of proof of that fact the court were aware that there was nothing else, we should have a different question than is presented. There was other evidence, however, as we have pointed out. On the issue of experience, or the lack of it, proper inferences are deducible from the fact that she had no license—for instance, that the violator, who should be presumed to have sought to comply with the law, might have been refused a license because of her inexperience, and that her guests should have considered that possibility along with the other facts of which they were aware. See *Canzoneri v. Heckert,* 223 Wis. 25, 269 N. W. 716. The question whether such proof should be received does not seem to have been raised in *Kauth v. Landsverk, supra,* but it is interesting to note that the court called attention to the fact that the driver had only shortly before the

accident received a license and considered it a circumstance to be taken into account in connection with the determination of the issue of experience. In view of the fact that the statute requires that as a condition to the granting of a driver's license the applicant submit to and pass a driver's test and thereby establish that he is qualified to drive, the jury was properly permitted to consider the lack of the license in this case.

Assuming, however, that the proof had been offered as an element to establish negligence on the part of Miss Bloom, the plaintiff would not have been prejudiced by its reception for that purpose. To sustain its claim for contribution it was incumbent upon it to establish that there existed common liability between her and McDermott.

Plaintiff contends that the court erred in examining Miss Bloom at the close of her examination by counsel. The judge questioned her as to her driving experience and as to what her guests knew of it. It is conceded that all of the matters as to which he examined her had been previously testified to by her. Plaintiff was not prejudiced by the examination. The conduct of the trial judge does not resemble that which we found to be prejudicial in *Reuling v. Chicago, St. P., M. & O. R. Co.* 257 Wis. 485, 44 N. W. (2d) 253, upon which reliance is placed.

Upon cross-examination of Miss Jansen she was asked whether Miss Bloom had a driver's license. Objection was made in the form, "it is immaterial whether she had a driver's license or not." The objection was overruled and the judge observed that "it is very material." Plaintiff urges that it was prejudiced by the latter remark. Certainly it was proper for the judge in ruling upon the objection to state that the testimony was material. We are unable to say that emphasis by use of the word "very" renders the remark prejudicial.

Plaintiff requested an instruction that "the fact that Gladys Bloom may or may not have had a driver's license will not be considered in determining whether or not she was negligent at the time of the accident." It was refused. Counsel contend that "such instruction, if given, would have properly informed the jury that such failure . . . was not in itself an act of negligence." The argument contains the answer to the objection—plaintiff was not prejudiced by the refusal.

Plaintiff claims that the court erred when, after some preliminary remarks, the jury were told to inquire, "Did Gladys Bloom drive differently than she had always driven or do anything in a different manner than she had done previously when they had been with her so as to increase the hazard or danger of riding with her?" The instruction is claimed to be erroneous in that in applying it the jury "had no choice but to find that the negligence of Gladys Bloom with respect to speed and management and control increased the danger or hazard assumed by the two guests." A finding to that effect is precisely what plaintiff wanted.

Question 5 of the verdict required that if the jury had found Miss Bloom guilty of causal negligence either as to speed or control, they should determine whether in either respect the negligent conduct increased the danger or hazard assumed by the guests when they entered the car.

Question 7 required that if they had found her causally negligent with respect to speed they should determine whether such speed continued for such length of time that the guests knew or should have known of the danger created thereby.

It is contended that when the court instructed the jury relating to its consideration of question 5 there was included an instruction which related entirely to the law applicable to question 7. It is not contended that the portion of the charge attacked is an erroneous statement of the law. It is as follows:

"It is for you to determine, ladies and gentlemen, whether or not Gladys Bloom's claimed negligence referred to in the respects stated in the first question, if any you find, proceeded long enough to give the two guests a reasonable opportunity to protest against said driving and whether or not the two guests with knowledge acquiesced in or consented to her manner of driving."

It is claimed that by combining this instruction with the others given respecting question 5 the jury had no choice but to answer both questions alike. We do not believe that such result follows necessarily. It is true that the instruction might well have been omitted when the court was charging the jury with respect to question 5. It was repeated when the law respecting question 7 was recited.

The better practice is for the court when charging the jury to direct its instructions to the specific questions of the verdict. Failure to do so will be considered error only when it appears that the jury was misled thereby. *Banderob v. Wisconsin Central R. Co.* 133 Wis. 249, 113 N. W. 738. Each of the questions, 5 and 7, is clear and unambiguous. There is no such similarity between them as to suggest that the jury could have been confused by the court's error or that they were misled thereby.

Regarding the question of the verdict which inquired as to Miss Bloom's negligence as to management and control the court in its charge made reference to her duty as to speed. Among other things the court said, "any rate of speed is unlawful if it is greater than is reasonable and prudent under the circumstances. . . . It is well known that control depends in a large degree upon the speed at which a car is going. . . . It is the law and it is the duty of every driver . . . to take reasonable precautions by properly limiting the speed of the vehicle . . . [and] by keeping the vehicle under proper control so as to be able to control its speed. . . . It is the duty of drivers . . . [to drive] at an appropriate speed so as to be able to stop within a reasonable distance. . . ."

Plaintiff contends that the reference to speed is of a nature that "an affirmative finding as to either [speed or control] required a like finding as to the other." We dispose of this assignment by repeating that an affirmative finding as to each of the questions inquiring as to Miss Bloom's conduct did not prejudice plaintiff who, in order to recover, was required to establish actionable negligence on her part.

Finally, plaintiff contends that the jury's finding that Miss Bloom was causally negligent with respect to management and control is contrary to the credible evidence. This is just another attack upon a finding which the plaintiff must have to entitle it to recover.

The conclusions arrived at make it unnecessary for us to consider whether the court applied the correct rule as to the measure of plaintiff's damages.

*By the Court.*—Judgment affirmed.