ROEBER, Plaintiff, vs. PANDL, Defendant and Respondent: SMITH, Defendant and Appellant.

*December 5, 1929—January 7, 1930.*

D. J. *Regan* of Milwaukee, for the appellant.

For the respondent there was a brief by *Rouiller & Dougherty* of Milwaukee, and oral argument by *Glenn R. Dougherty.*

CROWNHART, J.   Action was brought by the plaintiff · Roeber, a guest in the car of the defendant Pandl, against Pandl and Mrs. Smith for injuries sustained in an automobile collision between the cars of Pandl and Mrs. Smith at a highway intersection.   Both defendants were charged with negligence in the operation of their cars, and joint liability was demanded.

Both defendants denied liability, and Mrs. Smith also filed a cross-complaint against Pandl demanding, in case both defendants are held liable to the plaintiff, that she have contribution in case she should be compelled to pay the judgment.

The case was tried to a jury, which found the defendant Smith guilty of negligence in respect to (1) speed; (2) operation and control of her car; and (3) lookout.

The jury found the defendant Pandl guilty of negligence as to lookout and operation and control of his car.

The acts of negligence as to both parties were found to be proximate causes of the injuries to plaintiff.

The jury found:

"Question No. 13. As Pandl's automobile approached and came into collision with the Smith automobile, did · Julius Pandl fail to exercise the degree of skill possessed by him in handling his automobile under such circumstances as then and there existed?   Answer. No."

The trial court decided that Pandl was not liable to the plaintiff under the authority of *Grant v. Asmuth,* 195 Wis. 458, 218 N. W. 834; *Cleary v. Eckart,* 191 Wis. 114, 118, 210 N. W. 267; and *Olson v. Hermansen,* 196 Wis. 614,

619, 220 N. W. 203, by reason of the answer of the jury to question No. 13, above quoted. He therefore dismissed the complaint as to Pandl, and denied the defendant Smith contribution, and entered judgment against her as the sole responsible party.

The defendant Smith appeals and claims that there is no evidence to sustain the answer to question No. 13, and further that, assuming there is, still Pandl was jointly liable with the defendant Smith to the plaintiff, and therefore liable to contribution.

Plaintiff has not appealed from the judgment dismissing his complaint as to Pandl. The defendant Smith has paid the judgment and now asks to have the judgment of the circuit court, denying contribution to her by the defendant Pandl, set aside, and for judgment granting her contribution.

We think the appellant's contention is right. *Poneitowcki v. Harres, post,* p. 504, 228 N. W. 126. In that case we held the host liable to his guest for want of ordinary care in keeping a proper lookout while driving his car, notwithstanding his lack of skill. We there said:

"While the guest cannot demand of the host a higher degree of skill and experience than he actually possesses, in the management and control of the automobile under special and peculiar circumstances, even though they do not amount to emergencies, nevertheless there are certain duties imposed upon the drivers of automobiles, the abilities to perform which do not depend upon experience or acquired skill. Among these is the duty to maintain a reasonable speed, obey the law of the road, keep a proper lookout, etc. There are duties which are required to be observed for the safety of every one,—those within as well as those without the automobile,—and failure to perform them may result in liability in the absence of acquiescence or contributory negligence on the part of the guest. The driver of an automobile who maintains an excessive or reckless speed, who fails to maintain a lookout or to observe the laws of the road, plainly increases the dangers which the guest assumed upon

entering the automobile and adds new ones, and there manifestly is no difference between the degree of care he is required to use in these respects for the safety of his guests and for the safety of other persons."

The jury found that Pandl failed to exercise care to keep a proper lookout for other vehicles on the streets as he approached and came into collision with the Smith automobile, which failure was a proximate cause of the injuries to plaintiff. The jury also found that the plaintiff was not guilty of any want of ordinary care. The verdict of the jury in these respects is fully sustained by the evidence.

There having been a common liability of both defendants to the plaintiff for the injuries he received, the court was in error in dismissing the cross-complaint of defendant Smith against the defendant Pandl for contribution.

*By the Court.*—The judgment dismissing defendant Smith's cross-complaint is reversed, with directions to the circuit court to enter judgment in favor of the defendant Smith, against the defendant Pandl, for one half the amount of the judgment paid by the defendant Smith.

FRITZ, J., took no part.