YOUNG, Respondent, vs. NUNN, BUSH & WELDON SHOE COMPANY and another, Appellants.

*June 5—September 12, 1933.*

404

405

For the appellant Nunn, Bush & Weldon Shoe Company there were briefs by *William A. Hayes, Robert I. Hayes,* and *Upham, Black, Russell & Richardson,* attorneys, and *William A. Hayes* and *Charles W. Reeder* of counsel, all of Milwaukee, and oral argument by *Mr. William A. Hayes* and *Mr. Reeder.*

For the appellant Petras there was a brief by *Quarles, Spence & Quarles* of Milwaukee, attorneys, and *Kenneth P. Grubb* of Milwaukee and *A. R. Peterson* of Chicago, Illinois, of counsel, and oral argument by *Mr. Grubb.*

For the respondent there was a brief by *Wolfe & Hart* of Milwaukee, and oral argument by *H. O. Wolfe.*

The following opinion was filed June 29, 1933:

WICKHEM, J.    Since this case involves the appeals of two alleged joint tortfeasors, each making separate contentions, it will be convenient to consider these contentions separately.

Between the defendant Petras and the plaintiff there existed the relation of host and guest, and consequently the contentions of this defendant have to do with the legal consequences of this relation.    It is Petras' contention that the evidence shows, and that the jury found, defendant to have been driving his car, at the time he swerved and struck the pole, in the same manner that he had always driven when plaintiff was with him; that under the decisions plaintiff as guest accepted the defendant and his vehicle in their condition, with such skill as defendant possessed and subject to

his known habits of driving. It was the position of the trial court that the finding of the jury in question fourteen that defendant was driving his car in the same manner in which he usually and ordinarily operated it, to the knowledge of plaintiff, did not relate to the conduct of defendant after entering the intersection. It was evidently the view of the trial court that while plaintiff may have acquiesced in the speed and manágement of the car as it approached the intersection, she could not have had the opportunity to acquiesce in or protest Petras' conduct in swerving to avoid the truck; that the negligence found against Petras with respect to control was of the momentary or instantaneous variety, upon which this court has had occasion to comment in *Goehmann v. National Biscuit Co.* 204 Wis. 427, 235 N. W. 792.

It is the contention of Petras that the only negligence on his part which proximately contributed to the result consisted in the speed at which he operated his car, and his intention, evidenced for some time prior to the collision, to pass the Nunn-Bush truck on its right, at or near the intersection; that these were not momentary matters; that plaintiff acquiesced in the manner of driving for the reason that this was Petras' ordinary and usual manner of driving, and for the further reason that she made no protest. This leads to defendant's claim that upon the verdict and under the decisions of this court he is entitled to judgment regardless of the jury's finding of negligence, and that the case falls clearly within the doctrine of *Knipfer v. Shaw,* 210 Wis. 617, 246 N. W. 328, 247 N. W. 320, in which this court, speaking through Mr. Justice NELSON, stated that there can be no recovery when these elements are present: (1) A hazard or danger inconsistent with the safety of the guest; (2) knowledge and appreciation of the hazard by the guest; (3) acquiescence or a willingness to proceed in the face of the danger.

No useful service will be performed by an exhaustive restatement or re-examination of the host-guest rule as applied in the cases of *Cleary v. Eckart,* 191 Wis. 114, 210 N. W. 267; *Olson v. Hermansen,* 196 Wis. 614, 220 N. W. 203; *Krueger v. Krueger,* 197 Wis. 588, 222 N. W. 784; *Sommerfield v. Flury,* 198 Wis. 163, 223 N. W. 408; *Page v. Page,* 199 Wis. 641, 227 N. W. 233; *Brockhaus v. Neuman,* 201 Wis. 57, 228 N. W. 477; *Poneitowcki v. Harres,* 200 Wis. 504, 228 N. W. 126; *Roeber v. Pandl,* 200 Wis. 420, 228 N. W. 512; *Royer v. Saecker,* 204 Wis. 265, 234 N. W. 742; *Haines v. Duffy,* 206 Wis. 193, 240 N. W. 152; *Standard Accident Ins. Co. v. Runquist,* 209 Wis. 97, 244 N. W. 757; *Harter v. Dickman,* 209 Wis. 283, 245 N. W. 157.

The doctrine of these cases has been summarized in the *Knipfer Case,* and there can be no doubt of the rule that the guest must take the host, with his defects of skill and judgment, and his known habits and eccentricities of driving, and in addition that the guest will be considered to acquiesce in any course of driving that has persisted long enough to give him an opportunity to protest and thus indicate dissent or disapproval of the manner of driving.

With respect to speed and the plainly manifested intent of Petras to pass the truck upon its right, we see no escape from the conclusion that plaintiff assumed the risk. This course of conduct on the part of Petras was found by the jury to constitute his usual manner of driving, and it is clear that plaintiff made no protest.

There remain to be considered two items of negligence on the part of Petras, with respect to which it can be said from the record that plaintiff had no opportunity to protest or acquiesce. The first relates to lookout. In the special verdict the jury found that Petras was negligent in that he failed to keep a proper lookout. The evidence sustains this

answer in so far as Petras' failure relates to observation of the traffic upon Eleventh street.   In this respect, by his own admission, he was negligent.   In so far as it may be considered to relate to the location and position of the Nunn-Bush truck and to the objects immediately ahead of him, there is no evidence of a failure to keep a proper lookout. With respect to Petras' failure to keep a proper lookout for traffic that might be competing with him for the intersection at Eleventh street, we see no causal relation between the negligence and the accident.   Had the jury accepted certain testimony in the case, to the effect that Petras' difficulty was caused by the fact that the green truck, proceeding on Eleventh street, entered the intersection between the Nunn-Bush truck and the car of the defendant Petras, causing Petras to swing to the right to avoid it and ultimately to lose control of his car, a causal connection between Petras' negligent lookout and the injury would be established.   However, the jury plainly accepted plaintiff's theory of the case, found that Petras cleared the intersection ahead of the green truck, and that his difficulties were caused by the swerving of the Nunn-Bush truck.   Under these circumstances we see no connection between Petras' negligence with respect to lookout, and the injuries sustained by plaintiff.

Another act of negligence was found by the jury, with respect to which the trial court correctly held that there could be no opportunity for acquiescence or protest.   That related to the question of control.   Assuming that this question was intended to and did elicit from the jury the conclusion that Petras, after the Nunn-Bush truck had swerved into his path, was negligent with respect to the manner of operating or controlling his car, there are several difficulties in plaintiff's path.   The first is that the question of control, which, under all the decisions, involves skill and judgment, was not submitted in such a way as to be the basis for a

judgment in a host-guest case. *Roeber v. Pandl, supra; Poneitowcki v. Harres, supra; Standard Accident Ins. Co. v. Runquist, supra.* If the conduct of Petras in this respect constituted negligence, it was essential that there be a finding which would determine whether such negligence was the result of a lack of skill or judgment, or inadvertence. If it was the former, there would be no liability, regardless of the absence of protest, by reason of the rule that compels the guest to accept the host with all his infirmities of skill and judgment. *Hensel v. Hensel Yellow Cab Co.* 209 Wis. 489, 245 N. W. 159. However, we find a greater difficulty upon this branch of the case. There is no evidence that we can discover that will warrant the conclusion that Petras was negligent in any respect in the control of his car after his path was cut off by the Nunn-Bush truck. The record supports the conclusion rather that he was negligent in getting into the emergency, than that he failed after the emergency confronted him. Even if negligence could be found with respect to his conduct after he found his path cut off, it cannot be separated from his negligence in getting into the situation, and as to this plaintiff assumed the risk.

If a host is proceeding at a negligent rate of speed, which the guest assumes, and by reason of this speed finds himself in a situation requiring instant decision and giving him opportunity for further negligence with respect to control, it is impossible to isolate the subsequent negligence from the prior negligence and to hold, in spite of the fact that the guest has acquiesced in the former, that the momentary character of the latter makes acquiescence impossible. In such a situation, where the emergency itself is produced by negligence of the host, the guest who has assumed the risk of such negligence must be held to assume the risk involved in the emergency produced by it. This is the situation here.

The items of negligence which the plaintiff assumed, as well as that with respect to control, are all found by the jury to have been causes of the collision. They cannot be separately treated, and we are unable to avoid the conclusion that plaintiff cannot recover from her host. This is the effect of the rule laid down in *Harding v. Jesse,* 189 Wis. 652, 207 N. W. 706.

With respect to the Nunn-Bush truck, it is the contention of the defendant Nunn, Bush & Weldon Shoe Company that its driver was in no respect negligent. The jury found negligence on the part of the driver of the truck with respect to lookout, swerving his truck to the right without ascertaining that such movement could be made with safety to other vehicles, and without signaling his intention to swerve; also with respect to speed. The speed was found not to have been a cause of plaintiff's injuries. We fail to find any evidence to sustain the answer of the jury with respect to lookout. The evidence indicates that the driver looked as he entered the intersection; that he saw the green truck and cleared the intersection ahead of it. Assuming that there is evidence to sustain the answer as to speed, plaintiff concedes that there was no causal connection between the speed of the Nunn-Bush truck and this accident, since a greater speed would have been more efficient in avoiding the accident than the speed actually maintained. With this we agree. The only item that can be argued to have caused or contributed to the accident is the conduct of the truck driver in swerving to the right suddenly and without signal. There was no statute forbidding him to swing to the right without signal, and there was a rule of the road forbidding drivers to pass him upon the right, or to pass at all without a signal of intention to pass. We think that the driver of the truck had a right to assume that no car would attempt to pass upon

his right, without signal and at an excessive rate of speed, and that there is no basis for a finding of negligence in this respect. *John v. Pierce,* 172 Wis. 44, 178 N. W. 297.

The foregoing conclusions make unnecessary a consideration of the other assignments of error.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on September 12, 1933.