GOKEY and another, Respondents, vs. ELECTRIC HOUSEHOLD
UTILITIES CORPORATION and others, Appellants.

*October 14—November 10, 1942.*

*Charles H. Gorman* of Milwaukee, for the appellants.

For the respondents there was a brief by *Alvin L. Zelonky* and *Gold & McCann,* all of Milwaukee, and oral argument by *Mr. Zelonky* and *Mr. Ray T. McCann.*

FAIRCHILD, J.  The facts as established upon the trial and now presented on appeal are that respondent Edith Gokey, a resident in a large apartment building, entered the basement laundry as she had a right to do.   A washing machine was there installed by permission of the owner for the use of the tenants.   The machine was placed there by Dobratz and the Electric Household Utilities Corporation (hereinafter referred to as the "corporation"), two of the appellants, under an arrangement which fixed responsibility upon them for the maintenance of the machine.   Their contract with the owner, appellant Druml, limited his responsibility to furnishing a room and power and to giving them access to the building to service the machine and to solicit the patronage of the tenants. Title to the machine was in the corporation and the money inserted by the tenants was divided by Dobratz and the corporation, Dobratz getting twenty-five per cent and the corporation seventy-five per cent.   Advertising and solicitation of the tenants and instruction in the use of the machine were to be handled by the corporation and its agent Dobratz.

The jury found that the index pin controlling the movement of the wringer and the spring holding the pin in place were broken; that Dobratz failed to exercise ordinary care with respect to keeping the machine in an adequate state of repair; that such neglect and failure was an efficient cause of the injury to respondent; that respondent Edith Gokey exercised ordinary care for her own safety.   There was also a finding that all the appellants were guilty of a violation of the safe-

place statute. There was no question but that Dobratz was the agent of the corporation.

Upon this state of the record the judgment must be affirmed as to Dobratz and the corporation but reversed as to appellant Druml. The trial court erred in applying the safe-place statute to this situation. It is settled that the obligation to furnish a safe place placed upon an owner of a public building under sec. 101.06, Stats., is limited to structural defects. *Jaeger v. Evangelical Luth. Holy Ghost Cong.* 219 Wis. 209, 262 N. W. 585. It is clear that this washing machine, of use in the building only when power was carried to it by a cord plugged into a wall socket, was not a fixture and was not structurally a part of the building so as to come under the statute. The owner of the building, having no interest in the machine or its profits, had no duty to his tenants to keep it in repair and so is not liable to them. Dobratz and the corporation, however, assumed certain obligations in putting the washing machine into the building as an enterprise for profit. They contemplated that the machine would be used by tenants in the building and having received notice of the defect and having failed to repair it for three days, knowing the nature of the machine, they should reasonably have foreseen that injury might result to one using the machine in just the way it happened here.

Appellants argue that Mrs. Gokey's conduct bars her recovery but this contention cannot be sustained. Although she had been informed early in the week of the condition of the washing machine, she had reason to believe, as Dobratz testified, that it would be promptly repaired. She cannot be said to have been so aware of the danger that she assumed the risk as a matter of law. Furthermore, appellant by failing to ask that a question on this be included in the special verdict is not now in a position to raise the point for the first time in this court. *Meshane v. Second Street Co.* 197 Wis. 382, 222 N. W. 320. The jury found that Mrs. Gokey was in the

exercise of ordinary care in operating the machine when she was injured.

No reason appears for changing the jury's assessment of damages.

*By the Court.*—Judgment reversed as to Druml, affirmed as to Dobratz and the Electric Household Utilities Corporation.