STATE EX REL. LITZEN, Petitioner, vs. DILLETT, County Judge, Respondent.*

*December 8, 1942—January 12, 1943.*

* Motion for rehearing denied, without costs, on April 13, 1943.

For the petitioner there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison and *Wallrich & Aschenbrener* of Shawano, and oral argument by *R. J. Sutherland*.

For the respondent there was a brief by *Benton, Bosser, Becker & Parnell*, attorneys, and *David L. Fulton* of counsel, all of Appleton, and oral argument by *A. W. Parnell*.

FRITZ, J. This is the third time the jurisdiction of this court is invoked in relation to proceedings in the action brought by Floyd L. Litzen against Alfred Eggert and others to recover damages sustained by Litzen as the result of alleged negligence of Eggert and others. On an appeal from an order granting a new trial in the action, after a trial on the merits and the return of a special verdict, that order was reversed in four cases, which had been consolidated for trial, by the following mandate,—

"The order appealed from in each case is reversed, and cause remanded with directions to the trial court to enter judgment upon the verdict as rendered." *Anderson v. Eggert,* 234 Wis. 348, 374, 291 N. W. 365.

Upon the return of the record to the trial court, Litzen moved for judgment upon the verdict against Eggert and his insurer for the recovery of Litzen's damages. The court denied Litzen's motion and entered judgment dismissing his complaint upon the merits. Litzen appealed from the judgment; but that appeal was dismissed on Eggert's contention that the appeal was improper because Litzen's remedy, if any, was by *mandamus,* and the mandate upon the first appeal had become the law of the case so that the verdict was no longer open to question or attack. *Litzen v. Eggert,* 238 Wis. 121, 123, 297 N. W. 382. In sustaining that contention we said,—

"Upon the entry of judgment subsequent to the mandate the only question which can be reviewed by this court is whether the judgment entered is in accordance with the mandate. If the trial court did not follow the mandate in entering the judgment, the remedy of the party aggrieved is not by an appeal,—but solely by *mandamus.*"

Now, in this action for a writ of *mandamus* to compel the trial court to enter judgment on the verdict for Litzen's recovery of damages from Eggert, Litzen contends that his right to such recovery is not barred by the finding in the special verdict that Litzen, in riding as Eggert's guest in his automobile, had assumed the risk incidental to Eggert's causal negligence in failing to keep a proper lookout while operating the car at and immediately prior to the collision, as the result of which Litzen sustained the damage. In thus contending Litzen claims that the doctrine of assumption of risk is not applicable to an automobile guest in relation to the negligence of his host in failing to keep a proper lookout; and that the only defense, arising out of conduct of the guest in respect to the host's negligence in failing to keep a proper lookout, is contributory negligence. The contention and the claim upon which it is based cannot be sustained in this case.

At the outset Litzen is confronted with not only the finding in the verdict that he did assume the risk of Eggert's negligence in respect to lookout; but also the mandate on the first appeal directing the entry of judgment upon the verdict as rendered, because of which "there was no longer open for consideration by the trial court any other question presented by the record which could have been litigated upon that appeal." (*Litzen v. Eggert, supra.*) Consequently, the finding as to assumption of risk is no longer open to question or attack; but must be treated as an absolute verity and assumed to have been made upon sufficient evidence and in response to instructions accurately stating the law on assumption of risk. Every presumption must be indulged in favor of its validity, and the court cannot go back to the original record to determine whether the finding was justified under the circumstances of this case. On the contrary, if under any conceivable set of facts or hypothesis, a guest can be held to have assumed the risk of negligent lookout on the part of his host, it must be conclusively presumed at this stage of the litigation that such facts were present herein. And that there can be facts and circumstances because of which a guest can rightly be held to have assumed the risk of such negligence was recognized by this court when we said in *Elkey v. Elkey,* 234 Wis. 149, 154a, 290 N. W. 627,—

"If the plaintiff at the time knew that her husband was not maintaining a lookout and had time to tell him to tend to his business in time to prevent the diversion of the car from its line of travel, she would then have assumed the risk incident to his failure of lookout."

To the same effect is the statement in *Hensel v. Hensel Yellow Cab Co.* 209 Wis. 489, 495, 245 N. W. 159, that,—

"There still remains the finding that he was negligent with respect to lookout, as to which he owed the plaintiff the same duty as he owed others, in the absence of evidence that he was

habitually negligent as to lookout to the knowledge of the plaintiff and in the absence of any conduct on her part inducing or acquiescing in his conduct as to lookout at the immediate time." See also *Walker v. Kroger Grocery & Baking Co*. 214 Wis. 519, 530, 252 N. W. 721.

It follows that, in so far as the jury's finding on the issue as to Litzen's assumption of the risk of Eggert's causal negligence in respect to lookout is involved, it can and must be treated as an absolute verity; and that, in view of that assumption of risk, the causal negligence of Eggert in respect to lookout cannot be considered to afford any basis whatever for a recovery by Litzen.

However, in the verdict upon which the trial court is directed by the mandate to enter judgment, the jury found also that Eggert was causally negligent in failing, (1) to drive his automobile to the right of the center of the highway, and (2) to have it under control; but that the risk incidental to Eggert's negligence in these respects was not assumed by Litzen. As the findings of causal negligence on the part of Eggert in these two respects must likewise stand and be treated as absolute verities and as the effect of these findings is not impaired or otherwise affected by any other findings of fact in so far as the right of Litzen to recover from Eggert on those two grounds of causal negligence is concerned, Litzen is entitled to recover on those grounds the damages assessed by the jury, excepting in so far as the amount thereof must be diminished, under sec. 331.045, Stats., by reason of the jury's finding that ten per cent of the combined causal negligence of the parties was attributable to contributory negligence on the part of Litzen. The situation herein, in so far as that conclusion is concerned, is analogous in effect to the situation in *Tracy v. Malmstadt,* 236 Wis. 642, 647, 296 N. W. 87. In that case the plaintiff, Pauline Tracy, was injured while riding as a guest in a car driven by Edward Malmstadt, when it collided

with another car. The jury found Malmstadt causally negligent in respect to lookout, control, not keeping in the proper traffic lane, and not having the windshield wiper properly adjusted. No question as to Tracy's assumption of risk was requested or submitted. But the court granted Malmstadt's motion for a new trial on the ground that no question was submitted as to whether Malmstadt had failed to exercise ordinary care which increased the danger. On an appeal from that order we held that, although on the grounds of the negligence of Malmstadt in respect to control and not having the windshield wiper properly adjusted there could be no recovery by Tracy, in the absence of findings that he had thereby created or increased a danger as to which Tracy had not assumed the risk of injury, nevertheless she was entitled to recover judgment on the remaining findings in the verdict that Malmstadt was causally negligent because of his failure in respect to lookout and keeping in the proper lane, as to which negligence he was liable to his guest regardless of whether these violations of duty created or increased a danger as to which she had not assumed the risk of injury. In other words, because there was liability on the part of Malmstadt to Tracy on the grounds of his causal negligence in respect to lookout and keeping in the proper lane, she was entitled by reason of the findings in these respects to judgment on the verdict for the recovery of her damages from Malmstadt although there could be no recovery for his negligence as to control and the defective windshield wiper in the absence of findings that thereby the danger was increased beyond what had been assumed by Tracy.

So likewise in the case at bar Litzen is entitled to recover from Eggert on the grounds of his causal negligence in failing to operate to the right of the center of the highway and to have his automobile under control, as to neither of which the danger of injury had been assumed by Litzen, even though

there can be no recovery based on Eggert's negligent lookout because the risk of the danger by reason thereof had been assumed by Litzen. It follows that the trial court in endeavoring to comply with the mandate on the first appeal erred in not entering judgment on the verdict for Litzen's recovery from them of ninety per cent of his damages as assessed by the jury; and that consequently Litzen is entitled to the writ of *mandamus* to compel compliance with the mandate in that respect.

*By the Court.*—Let a peremptory writ of *mandamus* issue accordingly.

BARLOW, J., took no part.

The following memorandum was filed April 13, 1943:

FRITZ, J. (*on motion for rehearing*). On the motion for a rehearing, respondent contends the ruling herein, that a guest's right to recover for injury caused by his host's acts of causal negligence in the two respects, as to which there was no assumption of risk, was not barred by his assumption of the risk occasioned by the host's causally negligent lookout, is contrary to prior decisions by this court. In support of this contention respondent relies principally upon the decisions in *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 252 N. W. 721; *Scory v. LaFave,* 215 Wis. 21, 254 N. W. 643; *Knipfer v. Shaw,* 210 Wis. 617, 246 N. W. 328, 247 N. W. 320; and *Raddant v. Labutzke,* 233 Wis. 381, 289 N. W. 659. A study of the decisions therein will disclose, however, that there was no express determination therein in relation to the proposition involved in that ruling.

In the *Walker Case, supra,* there was no occasion whatever to pass upon that proposition. Walker, the host, was found causally negligent in respect to lookout and also control and management; and in sustaining these findings we held that

his guests, Iselin and Bashaw, had assumed the risk of injury incident to Walker's negligence in each of those respects. In the absence of any claim that there was any negligence on the part of Walker in any other respect, because of which he could be held liable to his guests, we held that there was no such liability whatever on his part. This decision, made in the absence of other negligent acts of the host as to which the guest had not assumed the risk, clearly is not in point on the question as to whether there can be a recovery by the guest based on such other acts of negligence.

Similarly, in the *Scory Case, supra,* the jury found that the host, LaFave, was causally negligent in parking her automobile on the wrong side of the road, and in turning on the bright lights; and that she thereby increased or added a new danger to her guest, Scory. On motions after verdict, the trial court held that Scory assumed the risk of LaFave's negligence in both respects. On plaintiff's appeal from a judgment dismissing her complaint against the defendant, Swanson (against whom Scory had commenced the action to recover for injury caused by his negligence in operating his car as it collided with LaFave's car), we said that—

"the injury to plaintiff, which followed the combination of her host's negligent acts, was primarily caused rather by the latter's antecedent negligence in parking than by the subsequent turning up of the lights. Under the circumstances, as Mrs. LaFave's negligence in the latter respect cannot well be separated from her prior negligence in parking, which actually created the dangerous situation assumed by plaintiff, she is also deemed, in law, to have assumed the risk involved in that situation by reason of her host's negligence in incidentally increasing the danger by turning up the lights. . . . It follows that, as to Mrs. LaFave, plaintiff's right to recover from her is defeated by her assumption of the risk." (p. 27.)

As that determination was based on the conclusion that Scory had assumed the risk incident to the respects in which

her host LaFave was causally negligent, and there was no causal negligence in other respects on the part of LaFave, as to which there was no assumption of risk by Scory, there was no occasion to consider or determine the particular question involved herein.

In the *Knipfer Case, supra,* the action was brought by plaintiff against Shaw, but on his motion plaintiff's husband, Joseph Knipfer, was interpleaded and charged, in Shaw's cross complaint for contribution, with causal negligence in several respects in operating the car in which he and plaintiff were riding when it collided with Shaw's car. The jury found both Shaw and plaintiff's husband were causally negligent in respect to lookout, control, and driving to the left of the center of the highway; and also found that plaintiff, in riding in her husband's car under the existing conditions, did not assume the risk of injury. On defendants' appeal from a judgment against them, we held that a person may not ride in a car for many miles under such foggy and dangerous conditions as existed at the time in question without fully assuming the risk of injury incident to such a trip; and that the plaintiff assumed the risk, and in justice should not be permitted to recover damages from her husband. Whether that assumption of risk was as to all or but part of the three respects in which the husband was negligent is not stated in the opinion. But in concluding also that plaintiff could not recover from Shaw, we held that, in view of the conditions and situation under which they were riding, her husband's negligence in respect to lookout, control and driving to the left of the center "should be imputed to the plaintiff and prevent her from recovering against Shaw." There is, however, no ruling on the particular question now under consideration.

In the *Raddant Case, supra,* the jury found that the guest had assumed the host's negligence in respect to speed, control and lookout. These findings were changed on motions after

verdict by the court's order that there was no assumption of risk in any such respect. On the appeal we sustained the ruling in respect to control and lookout, but overruled the order changing the jury's finding that the guest assumed the host's negligence in respect to speed; and in reinstating that finding, we said,—

"As under the rule of this court assumption of risk is not contributory negligence but bars recovery [citing the *Scory* and *Walker Cases*], the motion of the defendant company for judgment on the verdict should have been granted." (p. 385.)

In thus concluding there was not discussed or taken into consideration the question as to whether the guest could recover from the host for his causal negligence in respect to lookout and control, even though the risk occasioned by his negligence in respect to speed had been assumed by the guest.

On the other hand, in *Roeber v. Pandl*, 200 Wis. 420, 228 N. W. 512, this court held that damages could be recovered from the host, Pandl, on the ground of his causal negligence in respect to lookout for injury sustained by his guest, Roeber, although, in connection therewith and a finding that Pandl was also causally negligent in handling his car, it was further found that he did *not* "fail to exercise the degree of skill possessed by him in handling his automobile under such circumstances as then and there existed." As, in view of this latter finding, the injury to Roeber, in so far as the host's negligence in handling his car was a cause thereof, must be considered to have been sustained notwithstanding the host's exercise of the degree of skill which he possessed; and as he owed no duty to his guest to exercise a greater degree of skill, and there could therefore be no recovery by the guest for his host's negligence in handling the car, the denial of such recovery was because the guest, in effect, is considered to have assumed the risk incident to such lack of greater skill on the

part of the host. It was on that ground that the guest was held not to be entitled to recover from the host in *Eisenhut v. Eisenhut,* 212 Wis. 467, 248 N. W. 440, 250 N. W. 441, although we recognized on a rehearing that technically speaking the basic reason for holding that a guest is not entitled to recover from his host, under such circumstances, should be considered to be rather because the host owes no duty to his guest to exercise a degree of skill which he does not possess, than because the guest voluntarily assumes the risk incident to the lack of greater skill. However that may be, although in the *Roeber Case* the guest was considered not to be entitled to recover for Pandl's negligence in handling his car, because it was found that he did not fail to exercise the degree of skill possessed by him, it was held that the denial of recovery by the guest on that ground of negligence did not operate to defeat his right to recover on the remaining ground of the host's negligent lookout.

In *Young v. Nunn, Bush & Weldon Shoe Co.* 212 Wis. 403, 249 N. W. 278, Young sued to recover for injury sustained while riding as a guest in the defendant Petras' car. The jury found Petras was causally negligent in respect to speed, lookout and control, and in attempting to pass to the right of a truck. The jury exonerated Young from contributory negligence in respect to lookout and to making protest as to Petras' speed and operation of the car; but also found that Petras operated his automobile at and immediately prior to the collision in the same manner that he usually and ordinarily operated it to the knowledge of plaintiff in respect to speed, management and control. Upon defendants' appeal from a judgment for recovery by Young, this court concluded that Young assumed the risk of Petras' negligence with respect to speed and also in respect to his intent to pass the truck upon its right. However, although by these conclusions there were eliminated as grounds for recovery by plaintiff

from Petras his causal negligence in the two respects as to which we held Young had assumed the risk; we nevertheless said,—

"There remain to be considered two items of negligence on the part of Petras, with respect to which it can be said from the record that plaintiff had no opportunity to protest or acquiesce. The first relates to lookout. . . . Another act of negligence was found by the jury, with respect to which the trial court correctly held that there could be no opportunity for acquiescence or protest. That related to the question of control." (p. 408.)

We considered it necessary to pass upon those two remaining grounds of negligence before there could be a determination whether either Young was entitled to recover from Petras, or he was entitled to the dismissal of Young's complaint. It was only after we then concluded that there likewise was no liability on the part of Petras to Young on either of those two latter grounds of negligence that we held that Young could not recover from Petras.

So in the case at bar, although the finding that Litzen assumed the risk of Eggert's causal negligence in respect to lookout eliminated that item of negligence as a basis for recovery by Litzen from Eggert, and would have entitled him to the dismissal of Litzen's complaint, if that had been the only ground for recovery, the assumption of the risk by Litzen in respect to only that one item of negligence did not bar his right to recover on the other grounds of Eggert's causal negligence in failing to drive his car to the right of the center of the highway, and to have it under control. As the jury found that Litzen did not assume the risk of Eggert's negligence in either of these respects and those findings have not been set aside; and as the mandate on the first appeal directed that judgment be entered upon the verdict as rendered, of which those findings are still a part, Litzen is

entitled to judgment thereon in accordance with the opinion heretofore filed herein.

*By the Court.*—Motion for rehearing denied.