PETERSON, Appellant, vs. MAGNUS and another, Respondents.

*March 6—April 3, 1956.*

For the appellant there was a brief by *Douglas, Omernik & Bitney* of Spooner, and oral argument by *Edward E. Omernik*.

For the respondents there was a brief by *Louis G. Nagler* of St. Croix Falls, and *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *Lawrence E. Hart*.

GEHL, J. Among other things plaintiff urges that the court should have changed the answer to the question which inquired whether plaintiff had assumed the risk of the negligence of defendant Magnus as to speed from "Yes" to "No."

One cannot be said to be driving at a reasonable rate of speed who in snowy weather and on a slippery road expects to cover a distance of 60 miles in about an hour of driving time and does, as Magnus did on the morning in question, drive a distance of at least 20 miles to the scene of the accident in about a quarter of an hour. There is abundant proof of speed.

We have no difficulty in reaching the conclusion that the speed at which Magnus drove was, under the road and weather conditions then existing, a cause, if not the sole cause, of the accident.

The plaintiff knew on the morning in question that Magnus was driving too fast for safety; yet he made no complaint. See *Bourestom v. Bourestom* (1939), 231 Wis. 666, 285 N. W. 426, where we held that under similar circumstances a guest must be held as a matter of law to have assumed the risk.

"A guest does not assume the risk of a host-driver's sudden or momentary failure to exercise due care. . . . However, if the negligent act of the host-driver which causes injury is a continuance or repetition of similar negligence on his part, for which there had been occasion or opportunity to render protest, the guest-passenger, in failing to protest assumes the risk." *Olson v. Williams* (1955), 270 Wis. 57, 66, 70 N. W. (2d) 10.

It is also urged that we should hold as a matter of law that plaintiff did not assume the risk incident to defendant's negligent management and control of the car, that the rule that a guest does not assume the risk of a host-driver's sudden or momentary failure to exercise due care applies. If we were to agree with that contention and could, upon the facts here presented, completely separate the two findings and treat them independently of each other, we might under the authority of *State ex rel. Litzen v. Dillett* (1943), 242 Wis. 107, 7 N. W. (2d) 599, 9 N. W. (2d) 80, be required to hold that the trial court erred in permitting the finding that plaintiff had assumed the risk incident to defendant's negligent management and control to stand, and that, consequently, plaintiff should have judgment.

We may not treat the two findings, those respecting speed and control, independently of each other. As we have stated, the negligent speed at which Magnus drove might well be found to have been the sole cause of the collision. It was his speed, his anxiety to cover a distance of 60 miles in an hour's time under unfavorable road and weather conditions which placed him in a position where the proper control of his car was almost impossible. See *Young v. Nunn, Bush & Weldon*

*Shoe Co.* (1933), 212 Wis. 403, 410, 249 N. W. 278, where we said :

"If a host is proceeding at a negligent rate of speed, which the guest assumes, and by reason of this speed finds himself in a situation requiring instant decision and giving him opportunity for further negligence with respect to control, it is impossible to isolate the subsequent negligence from the prior negligence and to hold, in spite of the fact that the guest has acquiesced in the former, that the momentary character of the latter makes acquiescence impossible. In such a situation, where the emergency itself is produced by negligence of the host, the guest who has assumed the risk of such negligence must be held to assume the risk involved in the emergency produced by it."

*By the Court.*—Judgment affirmed.