MODL and another, Appellants, vs. NATIONAL FARMERS UNION PROPERTY & CASUALTY COMPANY and others, Respondents.*

*April 2—May 1, 1956.*

* Motion for rehearing denied, without costs, on June 22, 1956.

For the appellants there was a brief by *Kading & Kading* of Watertown, and oral argument by *Charles A. Kading*.

For the respondents there was a brief by *Schubring, Ryan, Petersen & Sutherland* and *James C. Herrick,* all of Madison, and oral argument by *Mr. Herrick.*

GEHL, J. The testimony of Mrs. Modl is as follows: Plaintiffs lived about five miles north of the city of Watertown in Dodge county. On Sunday morning, October 11, 1953, Mrs. Modl and her three children, accompanied their neighbors, Mr. and Mrs. Frederick, in the automobile of the Fredericks on a trip to Watertown for the purpose of attending church. They arrived at Watertown at about 9 a. m. The children were taken to a church and Mrs. Modl and the Fredericks went to two taverns. At about 10:30 a. m. and after the church services, they drove a short distance, stopped at a grocery store for the purpose of doing some shopping, left the grocery store, and arrived at and stopped at the Idle Hour, another tavern at about 11:30 a. m., where they found the defendants Raymond French and Charles Perry. There was some dispute between the Fredericks about going home and Mrs. Frederick left with their automobile. French suggested to the plaintiff that he would take her home but said that he would first have to call on his wife who was then in a hospital. French and Perry left the tavern and returned at about 1:30 p. m. The party left at once, Perry driving French's automobile. To reach plaintiff's home and that of the Fredericks they drove north on Highway 109. Frederick got out of the car at his home and then French announced that they were going to Hustisford, a village north of plaintiff's home. At Hustisford they went to another tavern. After spending twenty-five or thirty minutes at that tavern they left and started south on Highway

109, apparently for plaintiff's home. When two and one-half miles south of Hustisford they came to a curve in the highway and Perry, instead of turning his car went straight ahead and left the traveled portion of the highway.

Alfred Garske, a county traffic officer, described the scene of the accident and testified that at the site thereof, approaching from the north, there is a slight curve to the right and from the curve the road is perfectly straight for a distance of from 450 to 500 feet; that the accident happened near the curve and that the car went off the road on the right side, traveled 310 feet over a flat ditch, through a wire fence, and over some rocks; it went up a hill, veered around a tree, and went down grade. There was a road sign at the curve indicating the presence of the curve and that it might be made at a speed of 55 miles per hour.

Defendant French added little in the way of a description of the manner in which the accident happened. He testified that he fell asleep after the party left Hustisford. Perry started off in the village of Hustisford, driving fast, but French did not object.

Defendant Perry did not appear in the action nor was he present at the trial.

The testimony as to the manner in which the accident occurred is not in serious dispute. The description given by Mrs. Modl and Officer Garske makes it appear, without question, that the car suddenly left the concrete, went straight on and continued forward off the highway and on rather rough ground for a distance of from 450 to 500 feet before it was stopped.

In answer to the question of the special verdict a jury found that at the time of the accident, Perry was not under the influence of intoxicating liquor, that he was causally negligent so as to increase the risk or danger which Martha Modl assumed when she entered the automobile in respect

to lookout and control and management; and that just before the time of the accident Perry failed to exercise the skill and judgment he possessed in the management and control of the car.

The only objection to the form of the verdict was made by defendants, who had urged that the question which inquired as to the lookout maintained by Perry should not be included. Neither party asked that additional questions be included.

In a memorandum opinion filed upon motions after verdict, the trial judge stated that he had concluded that, (1) for lack of proof the jury's finding that Perry was negligent as to lookout must be set aside, (2) he was guilty of negligence with respect to speed as a matter of law, (3) Mrs. Modl assumed the risk of Perry's negligence as to both speed and management and control, and (4) that the complaint must be dismissed.

It will be observed that the jury was not asked the question whether Perry was negligent as to speed. The trial judge's action is based upon his conclusion that he was guilty as a matter of law in that respect and that Mrs. Modl had assumed the risk incident thereto. Assuming, without deciding, that the judge was right in that regard and assuming also that he was correct in his determination that there was no proof in the record to support a finding that Perry was guilty with respect to lookout, it does not follow necessarily that plaintiff may not recover. There is still the question whether the jury's finding that Perry was causally negligent in the manner in which he controlled and managed the car is supported by the testimony. If it is, and unless it must be held as a matter of law that the plaintiff assumed the risk incident thereto, plaintiffs may have judgment, *State ex rel. Litzen v. Dillett* (1943), 242 Wis. 107, 7 N. W. (2d) 599,

9 N. W. (2d) 80. (It is to be noted here that the defendants did not request that there be included in the verdict a question inquiring whether Mrs. Modl had assumed the risk incident to Perry's management and control of the car.)

The doctrine of *res ipsa loquitur* is applicable. There is nothing in the record to suggest that a nonnegligent circumstance caused the car to fail to continue forward upon the highway. As was the case in *Wisconsin Telephone Co. v. Matson* (1950), 256 Wis. 304, 41 N. W. (2d) 268, there is nothing in the circumstances to explain the car's departure from the highway except negligence on the part of Perry. The rule of the *Wisconsin Telephone Company Case* requires that we hold that the jury's finding that Perry was guilty of causal negligence as to control must stand.

We may not say as a matter of law that Mrs. Modl assumed the risk incident to the manner in which Perry controlled the car. There was nothing about the conduct of Perry before he left the highway to suggest to Mrs. Modl that he would do so. His omission occurred suddenly without warning and was not a repetition or continuance of previous similar acts or omissions; his was a momentary failure. *Wibbeler v. Reed* (1953), 265 Wis. 141, 60 N. W. (2d) 700; *Olson v. Williams* (1955), 270 Wis. 57, 70 N. W. (2d) 10.

It follows therefore that actionable negligence on the part of Perry has been established.

The defendant Insurance Company contends that it is relieved of liability because Perry, who as an additional assured by virtue of the provisions of sec. 204.30 (3), Stats., failed to co-operate with it in the defense of the action. The terms of the policy require such co-operation, particularly that the assured "shall . . . upon the company's request . . . attend hearings and trials." Perry disappeared immediately after the accident and had not at the time of the trial been found nor heard from. Plaintiffs contend that the

defense of lack of co-operation is not available to the Insurance Company because it does not appear that it used reasonable diligence in an effort to locate Perry and request that he be present at the trial. What constitutes lack of co-operation, as well as the question whether the company had used reasonable diligence in an effort to reach an assured, are matters of fact to be determined by the jury. *Heimbecher v. Johnson* (1951), 258 Wis. 200, 45 N. W. (2d) 610. It will appear, however, from what is to follow that it will be unnecessary to remit the cause for a determination by the jury of that issue.

The defendants French and the Insurance Company urge that judgment should be reversed because it has not been established that at the time of the accident, Perry was acting as agent of French, and that therefore neither of them can be held under the doctrine of *respondeat superior*. No request was made that this issue be submitted to the jury; it was not submitted. If it appears from the record that the testimony bearing upon the issue is undisputed and it is clear that only one proper conclusion thereon can be reached by reasonable men, we may determine it. *Farmers' Co-operative Packing Co. v. Boyd* (1922), 175 Wis. 544, 185 N. W. 234.

While the parties were at the Idle Hour tavern in Watertown and after Mrs. Frederick left with the Frederick car, French told Mrs. Modl that he would take her and Mr. Frederick home. French and Perry left the tavern for another tavern and upon leaving the latter Perry suggested that because of French's condition, he, Perry, drive the car. French gave him the ignition key and from this point to the scene of the accident Perry drove the car. The trip to Hustisford was made at French's suggestion. He directed the route to be taken by Perry to the Frederick home.

*Le Sage v. Le Sage* (1937), 224 Wis. 57, 271 N. W. 369, involved two appeals. They involved injuries sustained by

Emma Le Sage, wife, and Gertrude Le Sage, a daughter of C. F. Le Sage, as the result of an automobile collision. C. F. Le Sage at the time of the accident was driving the automobile which was owned by his sister, Dolly. The actions were brought against Dolly and her insurance carrier. The accident occurred while C. F. Le Sage was returning in his sister's automobile with his wife and children as passengers to Milwaukee from Menominee, Michigan, where they had visited with Dolly. Le Sage had suggested that he would transport his family back to Milwaukee by train, but Dolly insisted that he use her car for that purpose. The only question raised upon the appeals was whether at the time of the accident C. F. Le Sage was acting as the agent of his sister, Dolly, so as to render her and her insurance carrier liable under the doctrine of *respondeat superior*.

When C. F. Le Sage suggested that the party return to Milwaukee by train, Dolly called attention to the fact that she had promised to get them back to Milwaukee and that she told him that she had planned to do it but that he should do it for her. She gave him $10 for the purchase of gas and oil, a part of which he spent for that purpose. At the trial Dolly testified that she would have brought the family to her home and back to Milwaukee if she had not been ill. The daughter's action was brought and tried in the circuit court to the court and a jury. The jury found, in effect, that at the time of the accident, C. F. Le Sage was driving the automobile as agent of his sister, Dolly. The trial court changed the answer by finding that the trip was not undertaken at the direction or for the benefit of Dolly and thereupon entered judgment dismissing the complaint.

The action brought by Emma Le Sage, the wife of C. F. Le Sage, was tried in the civil court of Milwaukee county without a jury. Upon the same facts the trial court found that C. F. Le Sage drove the car on behalf of and as agent for Dolly. The defendants appealed to the circuit court where

the trial court's judgment was reversed, and judgment entered dismissing the complaint.

It appears, therefore, from the foregoing, that in each of the cases the original trier of the facts found that the relationship existed. We held that the original findings should have been permitted to stand. The facts in these cases were, as they are here, undisputed. Having in mind the rule of *Farmers' Co-operative Packing Co. v. Boyd, supra,* we believe that the rule of the *Le Sage Case* requires that we hold that the relationship of principal and agent between French and Perry existed and that, regardless of what might be found on the issue of co-operation, the judgment must be reversed.* The facts in the *Le Sage Case* which resulted in the court's determination are no more compelling than are those in the instant case.

The verdict was returned on February 24, 1955. On March 9, 1955, defendant Insurance Company caused to be served upon plaintiffs' attorneys an order requiring them to show cause on March 15, 1955, why it should not have summary judgment. The motion was based upon an affidavit of the commissioner of the motor vehicle department that he was unable to find any record in his office of an application made by Perry on or before October 11, 1953, the date of the accident, for a motor vehicle operator's license, and that he could find no record of any such license having been issued to him on or before that date. It is contended that because Perry was without a driver's license there is no insurance coverage. The motion was not acted upon by the trial court except as it appears from its final judgment entered on May 6, 1955, by the terms of which all of the motions of the defendants were denied except that for judgment notwithstanding the verdict and dismissing the complaint.

We are asked to review the order denying the motion for summary judgment. It is indeed a novel practice which is

---

* See post, p. 660. Reporter.

suggested. We are doubtful that it has ever been considered that the summary-judgment procedure is calculated to supplant a motion for a new trial upon the ground of newly discovered evidence, or a motion made by a party after testimony closed to open up the matter so as to permit him to introduce additional proof. The underlying reason for adoption of the summary-judgment procedure was to prevent delay in the entry of judgment due to the interposition of unfounded, false, or frivolous claims, *McLoughlin v. Malnar* (1941), 237 Wis. 492, 297 N. W. 370, and to enable the court to make final disposition of matters involving no issues of fact. It is not a substitute for a regular trial nor was it intended to replace any of the rules of practice or procedure except as is in the statute provided. We may not consider the contention.

*By the Court.*—Judgment reversed. Cause remanded with directions to reinstate the verdict and enter judgment thereon in favor of the plaintiffs and against the defendants.

The following opinion was filed on June 22, 1956:

GEHL, J. (*on motion for rehearing*). Only one of the matters presented by the respondent Insurance Company requires further treatment. It is contended that we were in error in holding that because the relationship of principal and agent existed between French and Perry, the insurer is liable to plaintiff regardless of what might be found on the issue of co-operation. Respondent urges that whether or not Perry was acting as the agent of French, he was also an additional assured within the meaning of the terms of the policy, and as such bound by all of its terms including that which requires his co-operation in the defense of the action, particularly that which imposes upon him the duty, upon the company's request, to attend the trial. Because under the circumstances it was unnecessary to pass upon that issue we

withdraw what we said with respect thereto and leave the question undecided. That does not affect the result, however.

We adhere to what we said in our original opinion, that whether there had been a lack of co-operation on the part of Perry was a matter of fact to be determined by the jury. No request was made at the time of the trial that the issue be submitted. Respondent is in no position to raise the point here for the first time. *Gokey v. Electric Household Utilities Corp.* (1942), 241 Wis. 385, 6 N. W. (2d) 189; *Thomas v. Tesch* (1954), 268 Wis. 338, 67 N. W. (2d) 367, 68 N. W. (2d) 457.

This is not a case for the application of sec. 270.28, Stats., which provides that:

"When some contraverted matter of fact not brought to the attention of the trial court but essential to sustain the judgment is omitted from the verdict, such matter of fact shall be deemed determined by the court in conformity with its judgment. . . ."

The statute is not applicable for two reasons: First, the matter was brought to the attention of the trial court on respondent's motion for a directed verdict, and second, the issue may not be deemed to have been determined by the court because in the memorandum opinion of the judge filed on motions after verdict he says in express terms that in his view of the case he considered it unnecessary to consider the question of the liability of the insurer as it may have been affected by the alleged failure of co-operation on the part of Perry.

*By the Court.*—Motion for rehearing is denied, without costs.