HAAG, Respondent, v. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., and another, Appellants.

*February 2—March 3, 1959.*

For the appellants there was a brief by *Arnold, Philipp & Murray* of Milwaukee, and oral argument by *Suel O. Arnold*.

For the respondent there was a brief and oral argument by *Alvin L. Zelonky* of Milwaukee.

BROADFOOT, J. The accident occurred at about 3:30 a. m. on February 6, 1955. At the trial Matchey testified that he had been in three taverns prior to the accident and that he had consumed from six to 10 glasses of beer. The drinking was done between the hours of 11:30 p. m. and 3:30 a. m. Matchey further testified that this amount of beer did not impair his faculties. With reference to his drinking, the trial court gave the following instruction:

"In connection with this inquiry, you are instructed that you may consider the evidence as to the defendant's drinking,

but you must first be satisfied that the defendant's consumption of alcoholic beverages, in this case, beer, appreciably interfered with his management and control of his automobile."

The defendants contend that this instruction was erroneous and prejudicial. They contend that the instruction does not comply with the language used in our decision in the case of *Frey v. Dick,* 273 Wis. 1, 76 N. W. (2d) 716, while the plaintiff insists that it is in accordance therewith. The instruction was consistent with the language used in that case. Although the instruction may not have been necessary, it was not erroneous and it was not prejudicial. A similar instruction might be given as to each item of negligence submitted by a question in the special verdict. To avoid duplication it is suggested that but one instruction be given ending with the words "appreciably affected the exercise of ordinary care in the operation of his automobile."

The defendants requested that the court submit questions with respect to the contributory negligence of the plaintiff as to lookout and as to his failure to protest the manner in which Matchey drove the automobile. There was a conflict in the testimony as given by the plaintiff and by Matchey as to just how the accident occurred. Both agreed that Matchey drove his car at a lawful rate of speed and in a normal manner until just prior to the accident. Plaintiff testified that a second car stopped at Juneau avenue to wait for a change in the traffic light. The other car, which is described as a "green car" and otherwise unidentified, was at the right of the Matchey car. Plaintiff testified that the green car proceeded at a faster rate and got ahead of the Matchey car, both driving in the left lane of the one-way street. Plaintiff testified that the green car was 40 to 50 feet ahead of the Matchey car when it slowed down and Matchey swerved to the left and ran into a car parked at the west curb of the street. Matchey testified that the green car stayed to the

right and a little to the rear of his automobile for a couple of blocks, then it suddenly accelerated its speed, turned sharply in front of his automobile and so close to it that he had to make a sudden turn to avoid striking it, and collided with the parked automobile. He testified that the car made a left turn at the next corner. The accident happened about in mid-block.

In a statement given to an adjuster for the insurance company on February 10, 1955, the plaintiff stated that he was half asleep. Upon the trial he testified that he was awake and saw everything that occurred. Ordinarily under such circumstances a question as to negligent lookout on the part of the plaintiff should have been submitted to the jury. However, under the circumstances in this case it was unnecessary, because any negligence as to lookout on the part of the plaintiff could not have been causal. Under either version of what happened some conduct on the part of the driver of the green car caused Matchey to swerve suddenly and plaintiff could not have made any effective protest in the short time available. No complaint is made upon this appeal that the findings of negligence on the part of Matchey were not supported by the record. According to all of the testimony Matchey drove in a prudent manner and at a lawful speed until he swerved sharply to the left. Under either theory there was no time for the plaintiff to protest, and negligence as to lookout could not have been causal.

The defendants also contend that the trial court committed prejudicial error in refusing to submit to the jury a question to determine whether or not the plaintiff assumed the risk with respect to the negligent lookout of Matchey. Such a question was requested. The refusal to submit such a question did not result in prejudicial error to the defendants. If submitted and if the jury had found the plaintiff assumed the risk with respect to Matchey's lookout, it would not

preclude the plaintiff from recovering since Matchey was found causally negligent in another respect which the jury found was not assumed by the plaintiff. *Sprague v. Hauck,* 3 Wis. (2d) 616, 89 N. W. (2d) 226; *Bronk v. Mijal,* 275 Wis. 194, 81 N. W. (2d) 481; *State ex rel. Litzen v. Dillett,* 242 Wis. 107, 7 N. W. (2d) 599, 9 N. W. (2d) 80.

The defendants also contend that the plaintiff assumed the risk of injury as a matter of law. In this connection the defendants call attention to the plaintiff's admissions as to the drinking he had done during the evening and early morning prior to the collision. They contend that the plaintiff and Matchey engaged in a drinking bout during that time. Plaintiff admitted that from 7 o'clock in the evening until 3:30 o'clock in the morning he had consumed approximately 20 glasses of beer. The record discloses that these were six-or-seven-ounce glasses of tap beer. Plaintiff admitted that he drank this beer in the same three taverns where Matchey did his drinking. However, the record shows that they were not together. Plaintiff testified that in the early evening he was playing pool with a friend by the name of Basil Conway. Matchey testified that he came into the tavern where plaintiff was playing pool and saw him there. Matchey had one or two glasses of beer in that tavern and then went to a second tavern at around 11:30 p. m. Later plaintiff and Conway went to the second tavern where Matchey was and had some beer at that tavern. Apparently the plaintiff, Matchey, and Conway left the second tavern together and went to the third tavern where they remained until around 3:30 a. m. They were not together all of the time in the third tavern. The record does not indicate that the plaintiff and Matchey engaged in a drinking bout during the evening and early morning. Each knew that the other was doing some drinking but neither knew just what or how much the other had to drink.

The defendants contend that this case should be ruled by *Sprague v. Hauck,* 3 Wis. (2d) 616, 89 N. W. (2d) 226, wherein we stated (p. 622) :

"While the burden of establishing assumption of risk on the part of Miss Frederick was upon the defendant, the defendant met such burden by establishing that both passengers were intoxicated. From such intoxication the jury would be reasonably warranted in inferring that the passengers had put it without their power to voice any protest. While it has been held that a passenger who involuntarily falls asleep is excused from voicing a protest with respect to the negligent speed of the host-driver, we do not consider that this rule should be extended to a guest who is prevented from ability to protest by voluntary intoxication."

The facts in the two cases are different. In the *Sprague Case* there was ample evidence that the two guests were intoxicated. In the present case the sole evidence that plaintiff was intoxicated is his admission that he consumed up to 20 six-or-seven-ounce glasses of tap beer with an inch to an inch and a half of foam on top. No witness testified that the plaintiff was intoxicated. Plaintiff testified that he was not intoxicated and no witness testified to any conduct, action, or speech on his part that would so indicate. On the question of assumption of risk by the plaintiff of Matchey's negligence as to management and control, the jury was instructed that it could consider the evidence of the plaintiff's drinking. The jury found that the plaintiff did not assume such risk. From the record it appears that the defendants failed to meet their burden of proof as to the intoxication of the plaintiff so that the rule in the *Sprague Case* would be applicable.

Finally the defendants complain of a statement made to the jury by plaintiff's attorney in his argument. Objection was made to the statement and the jury was directed and instructed to disregard the same. The defendants do not contend that this occurrence alone was sufficient so that a new

trial must be had, but that it should be considered in connection with other alleged errors. We find no prejudicial error in this regard, and we find none in the other respects complained of.

*By the Court.*—Judgment affirmed.