KUCHENBECKER, Respondent, v. MILLHISER and another, Appellants.

*October 9—November 3, 1959.*

For the appellants there was a brief by *Hanaway & Byrnes,* attorneys, and *Richard G. Greenwood* of counsel, all of Green Bay, and oral argument by *Charles T. Hanaway.*

For the respondent there was a brief by *Flatley, Galloway & Olson* and *Kaftan, Kaftan & Kaftan,* all of Green Bay, and oral argument by *Harry O. Olson* and *J. Robert Kaftan.*

BROADFOOT, J.   The sole question to be determined on this appeal is whether there is any credible evidence to support the finding of the jury that the plaintiff assumed the risk of the causal negligence of the defendant with respect to lookout.

It is a fundamental rule that if there is any credible evidence to support a finding of a jury the evidence in support thereof must be treated as undisputed, or if there is any credible evidence which, under any reasonable view, fairly admits of an inference that supports a finding of a jury, then neither the trial court nor the appellate court has authority to change the jury's answer or finding.

We have carefully reviewed the record with that rule in mind. The defendant had obtained his driver's license when he was seventeen years of age. Since that time he had driven a car a couple of thousand miles. In addition thereto, he had driven his father's car to some extent before he obtained a driver's license. Most of his driving had been city driving. He had never driven a car to Shawano or Shawano lake before. He had driven and had ridden over that portion of the highway where the accident occurred a few times. The last time he had driven over the highway was about a year prior to the accident. The plaintiff was a more-experienced driver, having driven a car about 40,000 miles and he was thoroughly familiar with the highway and had made many trips to the cottage on Shawano lake.

On the day of the accident it was snowing. The windshield wipers were used during the entire trip. According to the testimony of plaintiff's witness, McKeefry, whom they

met on the curve, he was going slowly because the road was slippery. It was snowing, drizzling, and freezing; it was packing on the highway and freezing, and the highway was getting very slick.

The defendant drove his car at speeds up to 80 miles an hour, and upon approaching the curve where the accident happened, the defendant approached the curve driving at a speed of 75 miles an hour. The defendant testified that he saw the curve sign as they approached the curve but does not remember where he took his foot off the accelerator, and that might have been close to the curve. Plaintiff made no protest as to the speed at which the defendant was driving, although he was getting worried, nor did he call defendant's attention to the McKeefry car which was approaching, but by his silence showed a willingness to proceed in the face of the danger because of the curve, the slippery condition of the highway, and the approaching automobile.

In *Bronk v. Mijal,* 275 Wis. 194, 81 N. W. (2d) 481, we reviewed some of the cases in which it has been held that a guest assumed the risk of negligent lookout on the part of the host-driver as a matter of law, and indicated that there might be situations where the speed of an automobile would be so excessive that a guest who assumes the negligent speed should be held to assume the negligence of his host as to lookout.

In *Tomchek v. Mutual Automobile Ins. Co.* 6 Wis. (2d) 577, 583, 95 N. W. (2d) 220, we referred to *Young v. Nunn, Bush & Weldon Shoe Co.* 212 Wis. 403, 410, 249 N. W. 278, where it was said:

"If a host is proceeding at a negligent rate of speed, which the guest assumes, and by reason of this speed finds himself in a situation requiring instant decision and giving him opportunity for further negligence with respect to control, it is impossible to isolate the subsequent negligence from the prior negligence and to hold, in spite of the fact that the

guest has acquiesced in the former, that the momentary character of the latter makes acquiescence impossible. In such a situation, where the emergency itself is produced by negligence of the host, the guest who has assumed the risk of such negligence must be held to assume the risk involved in the emergency produced by it."

It was further stated in the *Tomchek Case* (p. 584):

"It is true that negligent lookout is ordinarily a momentary failure which the guest does not assume. Negligence as to management and control, likewise, is usually of a momentary character, as in *Peterson v. Magnus* (1956), 272 Wis. 461, 76 N. W. (2d) 289. In that case this court held that where there is such excessive speed as might well be the sole cause of the accident, a finding of assumption of risk incident to momentary negligence as to management and control cannot be considered independently of the finding as to speed. The court observed that it was the defendant's speed which placed him in a position where proper control of his car was almost impossible.

"We consider that the reasoning of that case is just as applicable to the matter of assumption of risk as to lookout under circumstances where speed is so great as to have an overpowering effect on the driver's ability to exercise ordinary care."

Although the facts are never alike in two automobile cases there are some points of similarity between the *Tomchek Case* and the one before us. The speeds were about the same; there was a jury finding that the plaintiff guest had assumed the causal negligence of his host with respect to lookout; and the trial court changed the answer on the ground, as here, that the negligent lookout by the defendant was momentary. We reversed and reinstated the finding of the jury, based upon the record. In the case before us, the speed was even more of an overpowering factor because of the road and weather conditions. The jury had a right to infer that the defendant's visibility was impaired because

of the snow and the action of the windshield wipers. It could also infer, in view of the slippery condition of the highway, that the defendant was required to devote extra attention to the management and control of his automobile with less time and opportunity for maintaining a proper and efficient lookout. The admission by the plaintiff that he was worried about the speed at which the defendant was driving indicates a knowledge and appreciation by the guest of a hazard or danger inconsistent with his safety, and because of his failure to protest or to warn the defendant of the hazard or danger, there was an acquiescence or willingness on the guest's part to proceed in the face of such danger.

The jury could take all of the circumstances into account in arriving at its finding in response to the question as to the defendant's negligent lookout and could have believed that it was the excessive speed under those circumstances which made it difficult, if not almost impossible, for the defendant to maintain a proper lookout for a considerable distance and for a time more than momentary.

From the record we have concluded that the trial court erred in changing the answer of the jury, and its finding should be reinstated.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter a judgment dismissing plaintiff's complaint.